**S. J. GROVES & SONS COMPANY,**
Plaintiff-Appellant,

v.

**OHIO TURNPIKE COMMISSION,**
Defendant-Appellee.

No. 15032.

United States Court of Appeals
Sixth Circuit.
April 3, 1963.

William E. Knepper, Columbus, Ohio (Knepper, White, Richards, Miller & Roberts, Columbus, Ohio, on the brief; John A. Jenkins, William L. Clark, Columbus, Ohio, of counsel), Shumaker, Loop & Kendrick, Toledo, Ohio (Ross W. Shumaker, Charles W. Peckinpaugh, Jr., Toledo, Ohio, of counsel), for appellant.

Gerald B. Riley, Toledo, Ohio (Lockwood Thompson, Strongville, Ohio, Francis K. Cole, Ohio Turnpike Commission, Berea, Ohio, on the brief), Thomas L. Dalrymple, Toledo, Ohio (Fuller, Seney, Henry & Hodge, Toledo, Ohio, of counsel), for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This action arises out of a contract of December 31, 1953, between the plaintiff, a contractor, and the defendant, Ohio Turnpike Commission, for the construction by the plaintiff of approximately thirteen miles of the Ohio Turnpike in Williams County, Ohio.

The complaint, filed on June 4, 1957, alleges that the plaintiff duly completed all the work under the contract on its part to be performed, and under date of July 25, 1956, the Chief Engineer of the defendant certified to the defendant and to the plaintiff that the work of the contract was satisfactorily completed on June 8, 1956, in conformity with the plans and specifications of said contract.

The complaint seeks recovery of (1) $364,496.99 as the approved amount of compensation earned by the plaintiff, over and above all partial payments previously made, for the total amount of work performed by the plaintiff, which the complaint alleges the defendant admits that it owes but has refused to pay except on condition that it be accepted and operate as a full release of all claims of the plaintiff against the defendant, including the claims hereinafter referred to, (2) the sum of $1,140,941.54 for services and materials furnished at the direction and requirement of the defendant in a manner and to an extent other than contemplated and called for by the contract, resulting in a material departure from the plans and specifications and constituting a new and substantially different undertaking, and (3) damages in the amount of $72,403.00 resulting from the rejection by defendant of concrete aggregates, consisting of stone and gravel, bought and furnished by the plaintiff in the performance of its contract, after the defendant's engineer had tested samples which were found to meet the specifications, and which aggregates were thereafter inspected, approved and accepted by defendant's engineers after being placed in a stockpile on the site of the work ready for use. These claims totaled $1,-577,841.53, upon which 6% interest was claimed.

After the filing of an answer on October 17, 1957, depositions were taken by the plaintiff and defendant, plaintiff's request for admissions under Rule 36, Rules of Civil Procedure, was answered, and a stipulation with respect to certain facts and documents was filed. The defendant filed an amended answer on September 6, 1960. The answer, as amended, admitted the execution of the contract

and many of the allegations of the complaint but took issue with the plaintiff on its construction of the contract, denied liability on the claims asserted by the plaintiff, and pleaded several defenses claimed under the provisions of the contract and the defenses of estoppel and accord and satisfaction. In this connection the amended answer asserted that the plaintiff had no right to rely upon the laboratory reports of the defendant made of the samples of concrete aggregates submitted by the plaintiff or the acceptance of the aggregates by defendant's engineer, and that said materials, as shown by a later laboratory report, did not meet the specifications of the contract.

On March 20, 1961, the defendant moved for summary judgment and filed three affidavits and its brief in support of the motion. On June 19, 1961, plaintiff filed its brief opposing the motion. The defendant filed a reply brief on August 1, 1961, and the plaintiff filed a supplemental memorandum in opposition to the motion on October 4, 1961. On November 24, 1961, plaintiff filed another supplemental memorandum in opposition to the motion, and the affidavits of Charles W. Billow, Jr., and Karl E. McLeister in support thereof. On December 5, 1961, the defendant moved to strike these affidavits from the file for the reason that they were not timely served or filed in accordance with Rule 56(e) of the Rules of Civil Procedure.

On March 30, 1962, the Court sustained defendant's motion to strike the two affidavits and also handed down a memorandum ruling that defendant's motion for summary judgment should be sustained. Judgment to that effect was entered on April 24, 1962, from which this appeal was taken.

This case has been thoroughly and extensively briefed and orally argued to the court on its merits by counsel for the respective parties. Irrespective of the merits of the case, appellant contends that by reason of the complexity of the issues involved, the scope and volume of the evidence, both documentary and otherwise,

pertaining thereto, and the necessity for a full development of the facts for the purpose of clarifying the application of the law, this is not a case for disposition on motion for summary judgment. Appellee contends that regardless of the complexity of the issues and the scope and volume of the evidence, most of which is documentary, it was ultimately shown through the use of pretrial discovery proceedings that no genuine issue as to any material fact exists, that the question for decision is purely one of law for the Court, and that disposition of the case on motion for summary judgment was proper under Rule 56(c), Rules of Civil Procedure.

This Court has on several occasions expressed the view that a trial judge should be slow in disposing of a case of any complexity on a motion for summary judgment, that while such a judgment wisely used is a praiseworthy and timesaving device, yet such prompt dispatch of judicial business is neither the sole nor the primary purpose for which courts have been established, and that a party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one. Knapp v. Kinsey, 249 F.2d 797, 801–803, C.A.6th; Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427, C.A.6th; Begnaud v. White, 170 F.2d 323, 327, C.A.6th; Estepp v. Norfolk & W. Ry. Co., 192 F.2d 889, C.A.6th; Bellak v. United Home Life Ins. Co., 211 F.2d 280, 283, C.A.6th; Hoy v. Progress Pattern Co., 217 F.2d 701, 704, C.A.6th. See: Sartor v. Arkansas Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; White Motor Co. v. United States, 83 S.Ct. 696.

■ It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts, or whether an estoppel or a waiver of certain rights admitted to exist should be drawn from such facts. Under such cir-

**238**

cumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment. Bohn Aluminum & Brass Corp. v. Storm King Corp., supra, 303 F.2d 425, 427, C.A.6th; Begnaud v. White, supra, 170 F.2d 323, 327, C.A.6th; Cameron v. Vancouver Plywood Corp., 266 F.2d 535, 539–540, C.A.9th; Girard v. Gill, 261 F.2d 695, 697, C.A.4th; Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394, C.A.4th; United States v. Kansas Gas & Electric Company, 287 F.2d 601, C.A.10th; Severson v. Fleck, 251 F.2d 920, 923, C.A.8th; Oil Trading Associates, Inc. v. Texas City Refining, Inc., 201 F.Supp. 846, S.D.N.Y. These principles are, in our opinion, applicable to the present case.

This case is not a simple one. It involves complex facts and issues. It was filed June 4, 1957. It has been strenuously contested. Motion for summary judgment was not made until March 20, 1961. The motion was not sustained until March 30, 1962. In the oral argument before this Court on the merits the maximum time allowance was used by both parties. It is stated in appellant's reply brief that appellant's appendix of 121 printed pages and appellee's appendix of 49 printed pages set forth affidavits and excerpts from more than 1800 pages of contract documents, plans, specifications, correspondence, reports, depositions, admissions and the like. More than the construction of the written contract is involved. The issues of defendant's breach of an implied warranty, estoppel, and accord and satisfaction must be considered in the light of the actions of the parties. It seems that a direct factual issue is presented by the defendant's contention that the concrete aggregates stockpiled by the plaintiff and rejected by the defendant did not meet the specifications of the contract. There are no findings of fact by the District Judge, since none are required or considered necessary by Rule 52(a), Rules of Civil Procedure, in summary judgment proceedings. Yet we find ourselves unable to satisfactorily review this judgment on the record before us without such findings.

 We are of the opinion that this case is one where a full inquiry into the facts under usual trial procedure is advisable to develop the facts for the purpose of clarifying the application of the law, and that it is not a case suitable for disposition through summary judgment procedure. Knapp v. Kinsey, supra, 249 F. 2d 797, 802–803, C.A.6th; Bohn Aluminum & Brass Corp. v. Storm King Corp., supra, 303 F.2d 425, 427, C.A.6th; Stevens v. Howard D. Johnson Co., supra, 181 F.2d 390, 394, C.A.4th.

The judgment of the District Court is set aside and the case remanded to that court for further proceedings consistent with the views expressed herein.