**SOUTHERN BLOWPIPE & ROOFING CO., Plaintiff-Appellant,**

**v.**

**CHATTANOOGA GAS COMPANY, Defendant-Appellee.**

**No. 16327.**

United States Court of Appeals Sixth Circuit.

May 6, 1966.

John I. Foster, Jr., Chattanooga, Tenn., Sizer Chambliss, Chattanooga, Tenn., for appellant.

W. D. Spears, Chattanooga, Tenn., for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

This cause presents the appeal of plaintiff-appellant, Southern Blowpipe & Roofing Company, from the entry of a summary judgment in favor of defendant-appellee, Chattanooga Gas Company, in the United States District Court for the Eastern District of Tennessee, Southern Division. Appellant sells and installs gas equipment and appliances in the area of Chattanooga, Tennessee. Its complaint purports to assert a cause of action for itself and on behalf of other sellers and installers of gas equipment and appliances in the Chattanooga area. Appellee is a public utility, with an exclusive franchise to supply gas to consumers in the same area. Appellant's complaint avers that appellee utility competes with it, and other Chattanooga installers and dealers, in the sale and installation of appliances and equipment used in the consumption of gas supplied by the utility. It charged that in methods of sale, service and installation of gas equipment and appliances, the gas company has been

guilty of violating the Sherman Anti-Trust Act, 15 U.S.C. Sections 1 and 2.

The District Judge heard the matter upon competing motions for summary judgment, having before him an affidavit supporting defendant's motion, and also the discovery depositions of defendant utility's representatives. Appellant offered no affidavit or other evidentiary opposition to the factual content of defendant's affidavit and the depositions. The District Judge concluded that the undisputed facts failed, as a matter of fact and law, to expose any violation of the Sherman Act by appellee-defendant.

The District Judge's opinion appears to assume that the total thrust of appellant's complaint was that appellee Gas Company was involved in an "attempt to monopolize." He concludes that the undisputed facts as set out in the defendant's affidavit and the discovery depositions disclose that the Gas Company's conduct could not be viewed as a deliberate attempt to creat a monopoly. These facts, however, do not negative an inference that what the Gas Company was doing could, and very probably would, inevitably result in the Gas Company obtaining a monopoly on the sale of all appliances using gas as a source of power. The Gas Company depondents testified that its primary objective was to multiply the number of users of gas; in this effort the Gas Company was opposed by strong competition from TVA electric power; that before it could sell its gas it had to persuade prospective consumers of the economic advantage of gas and an initial consideration of a prospective user was the cost of acquiring and installing the gas consuming appliance. To gain the custom of such users, the Gas Company offers appliances to them at less than its own cost of acquisition and installation. Appellee's sales manager stated "the company does make a profit on more than 90% of its sales, *aside from promotional expenses.*" (Emphasis added.) It is clear, however, that had a proper share of this "promotional expense" been charged to the sale and installation of appliances, it would demonstrate that the customer acquires his appliance for less than the Gas Company's cost. This loss, however, is recouped, we assume, when the Gas Company's rates are set on the basis of its total costs, including the "promotional expense."

The District Judge assumes the foregoing by his recital, "It will be assumed that the defendant is selling appliances at cost or cheaper and that such may unfavorably interfere with the sales by plaintiff and those similarly situated." There can be no quarrel with the District Judge's factual conclusion that the Gas Company did not enter or continue its program for the purpose of monopolizing the gas appliance market. Its clear purpose is to multiply the users of its gas; it had sought to help and encourage others to sell gas appliances and had given certain free service to customers regardless of the source of their original acquisition of the gas installations.

The District Judge summarily disposed of the case entirely upon a view that the pleadings and depositions made it undisputed that the Gas Company was not attempting to monopolize and that it had not yet acquired monopoly power. He stated, relevant to attempts to monopolize, "However, in all such cases to date, attempts to monopolize *where the monopoly power was not achieved*, there is an additional element necessary to be shown before there can be found a violation. That element is sometimes called a 'specific intent' or sometimes called 'subjective intent to accomplish an unlawful result'. Times-Picayune Publishing Co. v. United States, 345 U.S. 594, 626–627 [73 S.Ct. 872, 97 L.Ed. 1277]; Mackey v. Sears, Roebuck & Co. [7 Cir.] 237 F(2) 869, 873, cert. dismissed, 355 U.S. 865 [78 S.Ct. 114, 2 L.Ed.2d 70]; United States v. Aluminum Co. of America [2 Cir.], 148 F(2) 416, 431–432; American Tobacco Co. v. United States, 328 U.S. 781, 814 [66 S.Ct. 1125, 90 L.Ed. 1575]." (Emphasis supplied.)

Appellant's complaint, although leaving much to be desired as a clear portrayal of its position, did not charge

merely that defendant was attempting to monopolize. It charged, inter alia, that,

"The defendant * * * sells and installs such appliances and equipment at prices and on terms below the cost of selling and installing them, *rendering competition* in the sales, installation and servicing of such appliances and equipment *impossible.* In addition, the defendant is the distributor in this area for Arkla-Servel gas heating and cooling equipment, and supplies it directly to consumers at less than cost or at no charge or on such terms *as are unfair and below cost.*" (Emphasis supplied.)

■ We believe that such allegations can be read as a charge that the defendant has already acquired a monopoly or monopoly power. Whether the proofs will sustain such a claim will depend on further evidence to be developed upon a trial. Notwithstanding the many cases that have treated the subject of antitrust practices, we have been cited to none that deal with the question of whether a utility already possessed of a legal monopoly may, in the service of that monopoly, avail itself of the peculiarities of utility rate-making to sell below cost in an underlying field of competition. No case has considered whether a subsidiary monopoly thus obtained offends the antitrust laws. We may also have the question of what is the relevant market in which the Gas Company and the plaintiff, and others in the appliance business, are competing and whether the defendant has, for all practical purposes, already acquired a monopoly in that market. Whether the evidence to be examined will expose such questions in the case before us can only be determined upon a trial, the limits of which can be set by the trial court. We do not now intimate a view one way or the other on the legality of the hypothesized conduct of defendant, should it be factually established, "for we believe that the applicable rule of law should be designed after a trial." White Motor Co. v. United States, 372 U.S. 253, 261, 83 S.Ct. 696, 701, 9 L.Ed.2d 738 (1963). Under Rule 56(c) Fed.R.Civ.P.,

summary judgment requires not only that there be no disputed facts, but that "the moving party is entitled to a judgment as a matter of law." Notwithstanding the salutary and timesaving uses of summary judgment, Judge Miller of this Court took occasion to speak at some length of the restraints that should be observed in its use. S. J. Groves & Sons Co. v. Ohio Turnpike Commission, 315 F.2d 235, 237 (CA 6, 1963). Sparing employment of it in the complex field of the antitrust statutes was admonished by the Supreme Court in Poller v. Columbia Broadcasting Co., 368 U.S. 464, 467, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) and White Motor Co. v. United States, 372 U.S. 253, 259–264, 83 S.Ct. 696 (1963).

The judgment is reversed and the case remanded for further proceedings consistent herewith.