467 A.2d 330

PENNSYLVANIA GAS & WATER CO., Appellant,

v.

NENNA & FRAIN, INC.

v.

BOROUGH OF DICKSON CITY.

Superior Court of Pennsylvania.

Argued Feb. 17, 1983.

Filed Sept. 9, 1983.

Reargument Denied Nov. 16, 1983.

Petition for Allowance of Appeal Denied Mar. 29, 1984.

Perry J. Shertz, Howard M. Levinson and Richard A. Russo, Wilkes-Barre, for appellant.

John E. Freund, III, Allentown, for Nenna, appellee.

John P. Pesota, Scranton, for Dickson, appellee.

Before CIRILLO, JOHNSON and MONTEMURO, JJ.

CIRILLO, Judge:

This is an appeal from the order of the Court of Common Pleas of Lackawanna County dated January 7, 1982 which granted appellees' motions for summary judgment and denied appellant's motion for partial summary judgment.

The action underlying this appeal arises out of a storm sewer construction project in the Borough of Dickson City. The project was funded by a grant from the Federal

Government. The Borough of Dickson City contracted with Nenna and Frain, Inc. for the construction of a portion of the project known as The Storrs Street Sewer Project. Paragraph 8 of the contract between Dickson City and Nenna and Frain provided:

8. Any and all utility relocation that shall be required to make room for the storm sewer system and appurtenances shall be the responsibility of the contractor. The contractor shall make all arrangements with the utility companies as to the scheduling, maintenance of traffic and payment. The contractor shall submit a certified copy of the utility company's invoice for relocations, to the Borough of Dickson City and the contractor will be reimbursed for the amount of the utility company's invoice.

As construction progressed, it frequently became necessary to have Pennsylvania Gas and Water Company (hereinafter PG & W) relocate certain of its utility lines and mains. Each time a relocation became necessary a representative of Nenna and Frain went to PG & W and executed a job order requesting the work to be done. PG & W often required Nenna and Frain to make deposits to cover the cost of the relocations. PG & W then relocated its lines and prepared an invoice detailing the costs incurred. PG & W sent the invoice to Nenna and Frain, who paid PG & W for the work and forwarded the invoice to Dickson City. The invoices were accepted by Dickson City, who in turn reimbursed Nenna and Frain for the amount of the invoice. This procedure was followed in each of the numerous relocations until at some point, Dickson City informed Nenna and Frain that no further payments for utility relocations would be made. Nenna and Frain subsequently refused to make any further payments to PG & W.

On August 8, 1980 PG & W filed a complaint in two counts, trespass and assumpsit, against Nenna and Frain. The trespass count has been settled. In the assumpsit count PG & W sought to recover $27,851.37, the balance of the cost of relocating its utility lines. Appellant based its

claim on the job orders executed by Nenna and Frain. In its Answer, Nenna and Frain alleged that it had not made the requests for relocations on its own behalf but on behalf of Dickson City, and that PG & W was aware of that fact. As New Matter, Nenna and Frain alleged that it had never undertaken to bear the obligation of paying for the relocations but was merely acting as a vehicle or agent of Dickson City. Nenna and Frain further alleged that PG & W was required as a matter of law to relocate its lines at its own expense and was not entitled to reimbursement. In the alternative, Nenna and Frain alleged that if anyone was obligated to pay the cost of the relocations, it was Dickson City. In its Reply, PG & W alleged that Nenna and Frain had undertaken to bear the obligation of paying PG & W for relocating its lines and that it was without sufficient knowledge or information to form a belief as to the truth of Nenna and Frain's allegation that it was acting merely as an agent of Dickson City in requesting the relocations.

On December 4, 1980, Nenna and Frain joined Dickson City as an additional defendant. Nenna and Frain alleged that Dickson City was liable to PG & W for the cost of the relocations, and, in the alternative, if Nenna and Frain was liable to PG & W, Dickson City was liable over to it and it was entitled to reimbursement under paragraph 8 of the construction contract. In its Answer, Dickson City alleged that the project was closed, full payment had been made, and it was not responsible for any further invoices submitted by Nenna and Frain after the close of the project. As New Matter, Dickson City alleged that final payment having been made by it and accepted by Nenna and Frain, it was released from any further liability under a provision in the contract. In its Answer to Dickson City's New Matter, Nenna and Frain alleged that Dickson City was aware that the invoices from PG & W, which Nenna and Frain had submitted to Dickson City, were only for deposits for advance payments which did not reflect the final bills for all work and that additional bills and final bills would be

forthcoming from PG & W and would be submitted for payment when received.

■ On October 8, 1981, Dickson City filed a motion for summary judgment against PG & W. Nenna and Frain later joined that motion. PG & W filed a cross-motion for partial summary judgment on the issue of liability against Nenna and Frain. These motions were supported by affidavits, depositions and admissions. The trial court found the common law rule regarding public utility relocations to be dispositive of the case and granted Dickson City's and Nenna and Frain's motions for summary judgment and denied PG & W's motion for partial summary judgment. The common law rule provides that non-transportation public utilities can be ordered by a competent state or municipal agency to relocate their facilities at their own expense when the relocation is made necessary by highway improvements or other public works projects. *Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 393 Pa. 639, 145 A.2d 172 (1958); *Equitable Gas Co. v. Pennsylvania Public Utility Commission,* 65 Pa.Cmwlth. 388, 442 A.2d 419 (1982); *Pennsylvania Department of Transportation v. Pennsylvania Power & Light Company,* 34 Pa.Cmwlth. 594, 383 A.2d 1314 (1978). The trial court found that Nenna and Frain was acting on behalf of Dickson City in requesting the relocations and that PG & W was aware of that fact. The court held that the common law rule required PG & W to bear the cost of relocating its mains and lines which conflicted with the sewer project.

As to Nenna and Frain's liability on the job orders the trial court also found the common law rule to be dispositive. Again relying on its finding that Nenna and Frain was acting on behalf of Dickson City in executing the job orders, the trial court held that the common law rule constituted a pre-existing duty on the part of PG & W to relocate its lines at its own expense and therefore any promises by Nenna and Frain in the job orders to pay PG & W for the relocations were not supported by consideration and were nullities.

■ The principles governing a motion for summary judgment are well settled. Summary judgment should be granted;

> "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

Pa.R.C.P. 1035(b), 42 Pa.C.S.A.

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979); *Weiss v. Keystone Mack Sales Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983). In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. *Thompson Coal Company v. Pike Coal Company, supra; Shacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson Coal Company v. Pike Coal Company, supra; Breslin v. Ridarelli*, 308 Pa.Super. 179, 454 A.2d 80 (1982). Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt. *Thompson Coal Company v. Pike Coal Co., supra; Weiss v. Keystone Mack Sales, Inc., supra.*

Applying these principles to the present case we hold that the trial court erred in granting summary judgment in favor of appellees. First, the trial court erred in finding that Nenna and Frain was acting on behalf of Dickson City in requesting the utility relocations. The trial court relied on the deposition and affidavit of Robert Bernosky, an engineer for Dickson City, and the job order applications as support for this finding. The trial court found that Mr. Bernosky's evidence was not contradicted by the appellant.

In ruling on a motion for summary judgment it is not the court's function to decide issues of fact but solely to determine whether there is a genuine issue of fact to be tried. *Weiss v. Keystone Mack Truck Sales, Inc., supra; Schacter v. Albert, supra.* Where the facts are in dispute, the questions of the existence of an agency relationship and the nature of that relationship are for the jury. *Breslin v. Ridarelli, supra; Juarbe v. City of Philadelphia,* 288 Pa.Super. 330, 431 A.2d 1073 (1981); *Nonemaker v. County of York County,* 62 Pa.Cmwlth. 200, 435 A.2d 675 (1981).

In the present case, the existence of an agency relationship was in dispute and summary judgment on that issue was inappropriate. In its Reply to Nenna and Frain's Answer, PG & W specifically averred that Nenna and Frain undertook to bear the obligation of paying PG & W for relocating its lines. PG & W further alleged that it was without sufficient knowledge or information to form a belief as to the truth of Nenna and Frain's allegation that it was acting merely as a vehicle or agent of Dickson City in requesting the relocations and demanded proof thereof. Under Pa.R.C.P. 1029(c) this is deemed to be a denial. It is well established that a non-moving party who does not oppose a properly supported motion for summary judgment with affidavits, depositions, or the like, may not rely on the allegations of his pleading to controvert the facts presented by the moving party's depositions. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973); *Amabile v. Auto Kleen Car Wash,* 249 Pa.Super. 240, 376 A.2d 247 (1977); Pa.R.C.P. 1035(d). This, however, is not such a case. The existence of an agency relationship is controverted by the job orders which Dickson City and Nenna and Frain admitted to be genuine and authentic in their Replies to PG & W's Request for Admissions. These job orders were signed by representatives of Nenna and Frain in their own names and do not disclose that they were signing as agents of Dickson City. Further, the job orders state that the relocation work was to be charged to the account of Nenna and Frain. That some of the job orders also bear the handwritten statement

"sent details to Borough of Dickson City" does not establish an agency relationship between Nenna and Frain and Dickson City. As our Court said in *Schacter v. Albert, supra,* 212 Pa.Superior Ct. at 62, 239 A.2d at 843, *quoting S.J. Groves and Sons Company v. Ohio Turnpike Commission,* 315 F.2d 235, 237–38 (6th Cir.1963):

> It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts. * * * Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment.

In the present case, the question of existence of an agency relationship between Nenna and Frain and Dickson City was for the jury to decide.

 Summary judgment on the question of agency was also improper for another reason. Credibility being a matter exclusively for the jury, summary judgment should not be granted where it requires the acceptance of the testimony of the moving party's witness. *Nanty-Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa.Super. 198, 280 A.2d 570 (1971). In the instant case, the trial court relied on the testimony of Robert Bernosky, an engineer for Dickson City, for its finding that Nenna and Frain was acting on behalf of Dickson City in requesting the utility relocations. Since both Nenna and Frain and Dickson City moved for summary judgment against PG & W alleging that Nenna and Frain was acting on behalf of Dickson City in requesting the utility relocations, Mr. Bernosky was the witness of both parties and his credibility was for the jury.

 The trial court also erred in finding the common law rule to be dispositive under the circumstances of this case. The common law rule can be abrogated by a specific statutory mandate. *Delaware River Port Authority v. Pennsylvania Public Utility Commission, supra.* There

is no statutory abrogation of the rule applicable to this case. However, the common law rule can also be waived by agreement, and such agreements are not void as against public policy. *See Commonwealth Department of Transportation v. Pennsylvania Power and Light Company, supra.* In *Pennsylvania Power and Light Company,* PennDOT and the City of Harrisburg brought an action in equity to compel PP & L to relocate its utility lines and poles so that a highway widening project could be completed. PP & L filed preliminary objections arguing that original jurisdiction in such an action was with the Pennsylvania Public Utility Commission under the Urban Redevelopment Law because the Harrisburg Redevelopment Authority was a necessary party to the litigation. In support of its contention that the Redevelopment Authority was a necessary party, PP & L relied on a clause in the contract between PennDOT and the Redevelopment Authority. That clause provided:

[A]ny costs required for the alteration, change, adjustment and relocation of all utilities and other facilities, including, but not limited to, gas, electric, telephone, water, drainage and sanitary sewer systems occasioned by the highway improvement projects will not be the responsibility of the Commonwealth.

*Id.,* 34 Pa.Cmwlth.Ct. at 598, 383 A.2d 1317.

PP & L argued that this clause meant that the Redevelopment Authority was required to bear the cost of the utility relocations. The Commonwealth Court rejected this contention stating, "But, surely, the plain words of this clause do not lead inescapably to this conclusion, nor do the words indicate an intent to abrogate the general common law rule regarding relocation costs in a highway right of way." *Id.,* 34 Pa.Cmwlth.Ct. at 598–99, 383 A.2d at 1317. The Commonwealth Court therefore concluded that the Redevelopment Authority was not a necessary party.

In contrast to the vague language of the contract involved in *Pennsylvania Power and Light Company,* the plain words of paragraph 8 of the contract involved in the

present matter reveal a clear intent to waive the common law rule. Paragraph 8 provides that the contractor will pay the utility for the relocations and that upon the submission of certified copies of the utility company's invoices for the relocations the contractor will be reimbursed by Dickson City for the amount of the invoices. The intent to waive the common law rule is further evidenced by the conduct of Dickson City under the contract. Dickson City admitted in its Answer that it accepted bills for the utility relocations from Nenna and Frain and paid Nenna and Frain for those bills. Given the clear language of the contract and the conduct of the parties under the contract the trial court erred in finding the common law rule to be dispositive of this case.

 However, Nenna and Frain and Dickson City argue that their promises to pay the cost of relocating the utility lines were the result of a mistake of law regarding PG & W's entitlement to payment.

A mistake in a matter of law, or a mistake because of ignorance of law, not induced by the party seeking to take advantage of it, will not affect the validity of a contract executed on one side. On the other hand, a mistake of law when coupled with misrepresentations is a ground for avoiding a contract.

8 P.L.E. CONTRACTS, section 82 (footnotes omitted). Appellees contend that paragraph 8 was included in the contract at the insistence of PG & W, and that PG & W's chief water engineer told them that because there was federal money involved in the sewer project the City must pay for the utility relocations. Appellees' claim therefore is that their mistake of law regarding PG & W's right to payment for the relocations was induced by misrepresentations by PG & W. A resolution of this claim necessitates findings of fact and cannot be determined with the case in its present posture.

 The trial court also held that the common law rule constituted a pre-existing legal duty of PG & W to relocate its mains and lines at its own expense and there-

fore the job orders executed by Nenna and Frain were not supported by consideration and were nullities. It is axiomatic that performance of an act which one is legally bound to render to another is not legal consideration for an agreement. *Chatham Communications Inc. v. General Press Corp.*, 463 Pa. 292, 344 A.2d 837 (1975). However, the common law rule is not self-executing; it must be invoked. The rule states that a non-transportation public utility *can be ordered* to relocate its facilities at its own expense, not that a non-transportation public utility *must* relocate its facilities at its own expense. The duty does not arise until it is invoked. The utility does not have a duty to relocate its facilities at its own expense until it is ordered to do so by a competent state or municipal agency. In the instant case PG & W was never ordered to relocate its lines at its own expense. On the contrary Nenna and Frain and Dickson City agreed that PG & W would be paid for the relocations. If Dickson City's agreement to waive the common law rule was not the result of a valid mistake of law induced by PG & W, then there was no pre-existing duty on the part of PG & W to relocate its lines at its own expense and the job orders executed by Nenna and Frain are supported by consideration.

PG & W claims that the trial court erred in denying its motion for partial summary judgment on the issue of liability irrespective of any agency relationship between Nenna and Frain and Dickson City. A person contracting as an agent is personally liable, whether he is known to be an agent or not, where he makes a contract in his own name or voluntarily incurs a personal responsibility, *Kiska v. Rosen*, 181 Pa.Super. 506, 124 A.2d 468 (1956). PG & W argues that representatives of Nenna and Frain executed the job orders in their own names and therefore bound Nenna and Frain. Further, PG & W contends that paragraph 8 of the construction contract and the statement in the job orders that the work is for account of Nenna and Frain establish an unequivocal acceptance by Nenna and Frain of personal responsibility for the relocation costs. However, because there are unresolved questions of fact

the trial court properly denied PG & W's motion for partial summary judgment on the questions of liability against Nenna and Frain. There remains the question of whether Nenna and Frain's promises in the job orders to pay the costs of the utility relocations were the result of a valid mistake of law regarding PG & W's entitlement to reimbursement. There is also the question of whether PG & W delayed submitting the bills for the relocations to Nenna and Frain.

We therefore reverse and remand for a trial on all issues, including whether Nenna and Frain was acting as an agent of Dickson City in requesting the utility relocations; whether Dickson City's agreement to waive the common law rule was the result of a mistake of law induced by misrepresentation made by PG & W; whether there were delays in the submitting and forwarding of the bills for relocation costs and, if so, who bears responsibility for those delays; whether the costs of the relocations are reasonable; and whether Dickson City has been released from further liability to Nenna and Frain under the provisions of the construction contract regarding release by acceptance of final payment.

Reversed and Remanded. Jurisdiction is relinquished.