**Vallies v. Eat 'N Park Restaurant, Inc.**

*Irving Green and Louis Ceraso,* for plaintiff.
*Elizabeth Steimer,* for plaintiff.
*Dennis St. J. Mulvihill,* for defendant.
*John M. Noble,* for defendant.

LOUGHRAN, *J.,* August 1, 1985—Plaintiff Robert D. Vallies has brought an action for wrongful discharge against his employer, Eat 'N Park Restaurant Inc., alleging that he was discharged as a result of a failure to pass a lie detector test which was administered by defendant Firm Security Systems Inc. Pennsylvania law specifically prohibits an employer from requiring an employee to submit to a polygraph examination as a condition for employment or continuation of employment. 18 P.S.C.A., §7321. It is this declaration of public policy which plaintiff asserts as the crux of his wrongful discharge complaint.

The employer, Eat 'N Park Restaurant Inc., has filed a motion for summary judgment stating that the polygraph test was voluntary as evidenced by the release form signed when plaintiff took the test. Defendant Firm Security Systems Inc., has filed a motion for summary judgment contending that they are not the employer nor the agent, servant, workman or employee of Eat 'N Park Restaurant, and accordingly were merely independent contractors administering a test and as such violated no statute and owed no duty to plaintiff.

As to the motion of the employer, Eat 'N Park Restaurant Inc., it is the opinion of this court that

this motion is controlled by the recent case of Leibowitz v. H. A. Winston Company and Ross Bureau of Investigation, Pa. Super., no. 394 and 395, Philadelphia, (1984) (filed May 17, 1985), wherein the Superior Court in an opinion by Judge Cercone held that, unless claimant testified that he requested the lie detector test or that his employer assured him that it was not necessary to take the test as a condition of employment, the issue of whether the person signs releases when taking the lie detector test out of fear or compulsion is a matter for the jury. The Superior Court pointed out that a jury does not need direct evidence to draw reasonable inferences that compulsion may exist directed towards the employee by the employer to take a lie detector test as a condition of employment and that if there is evidence to support any inference then it is a matter for the jury.

In the instant case, claimant testified in his deposition that his employer told him that the issue of the theft of money could be settled once and for all if he would take a lie detector test and that no one informed him that he would be fired if he didn't take the test, but he felt and believed that he was being compelled to take the lie detector test to prove his innocence. Under these circumstances and under the holding of Leibowitz, it is this court's opinion that a material question of fact exists for a jury. All reasonable inferences and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party in a motion for summary judgment and to enable the court to grant such a judgment, the matter must be clear and free from doubt. Pennsylvania Gas and Water Co. v. Borough of Dixon City, 320 Pa. Super. 291, 467 A.2d 330 (1983). It is, therefore, clear that Eat 'N Park

Restaurant cannot meet its burden and its motion for summary judgment must be denied.

Defendant Firm Security Systems, Inc., in its motion for summary judgment asserts that it is entitled to the relief requested as it is not the employer and was not an agent, servant, workman or employee of the employer and therefore did not violate the public policy as enunciated in the Pennsylvania statutes against the use of lie detector tests for discharge of employment. In its brief, defendant Firm Security Systems cites its deposition testimony and the employees of Eat 'N Park Restaurant to support the proposition of an independent contractorship. However, defendant Firm Security Systems ignores that a relationship of principal and agent may be inferred from the circumstances. Perilla v. Bonacci, 320 Pa. Super. 496, 467 A.2d 821 (1983).

Plaintiff, in his able brief, points out that Firm Security Systems administered the polygraph examination to plaintiff at the request of Eat 'N Park; that Firm Security Systems drew up the consent to take the polygraph examination and release from liability form that plaintiff was required to sign; that such form was presented for the protection and on behalf of Eat 'N Park Restaurant; that it was the employee of Firm Security Systems that filled in the forms, had plaintiff execute them and surrendered the completed forms to Eat 'N Park; and that Eat 'N Park Restaurant fully expected that Firm Security Systems would have the releases executed and supplied to Eat 'N Park Restaurant.

In the opinion of this court, this presents a question of a material issue of fact for jury consideration, thereby preventing the entry of a summary judgment. A summary judgment can be granted only when there is no genuine issue of material fact and a moving party is entitled to judgment as a matter of

law. Williams v. Pilgrim Life Insurance Company, 306 Pa. Super. 170, 452 A.2d 269 (1982). As there is a substantial fact issue present, defendant's motion must be denied. Harvey v. Hansen, 299 Pa. Super. 474, 445 A.2d 1228 (1982).

Accordingly, the following order is issued.

## ORDER OF COURT

And now, this August 1, 1985, after review of the briefs submitted and oral argument in the above entitled matter, it is hereby ordered, adjudged and decreed that the motion for summary judgment filed on behalf of Eat 'N Park Restaurant, Inc. and the motion for summary judgment filed on behalf of Firm Security Systems, Inc., are hereby denied.