### Cherkes v. Abbott Laboratories

*John A. Bednarz,* for plaintiffs.

*Albert L. Piccerilli,* and *James V. Bielunas,* for defendants.

HOURIGAN, *P.J.*, March 3, 1986 —

## DECISION

This matter is before the court upon a motion by defendant for summary judgment.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiffs initiated this action by summons on November 23, 1983. On December 27, 1983, defendant ruled plaintiffs to file a complaint which plaintiffs did on January 27, 1984. On March 9, 1984, defendant filed an answer and new matter to plaintiffs' complaint and demanded a jury trial. Thereafter, defendant sent its first set of interrogatories to plaintiff along with a request for production of documents. On June 18, 1984, plaintiffs answered defendant's interrogatories and request for production of documents. Defendant, on July 27, 1985, filed a motion for summary judgment. Oral arguments were heard before this court on August 19, 1985.

From the record the facts appear to be as follows: While plaintiff-wife was using a Sonata Controlled Flow Feminine Syringe manufactured by defendant, she allegedly was injured as a result of the intravaginal loss of a portion of the product. Plaintiff-wife was able to retrieve the syringe on her own, although she did receive medical attention the morning after the incident. According to the report of plaintiff-wife's physician, plaintiff-wife "suffered no physical damage but did have a considerable degree of emotional turmoil."

In their complaint, plaintiffs allege that as a result of the incident, plaintiff-wife was "caused to suffer serious, painful and permanent injury to her vagina and also serious and permanent mental injury including traumatic neurosis and psychological

overlay." Additionally, plaintiffs allege that plaintiff-husband will be compelled to expend additional sums of money for an indefinite time for the future medical care of his wife.

In count 1 of their complaint, plaintiff-wife claims her damages were caused by the negligence, carelessness and recklessness of defendant in that defendant failed to inspect its product for defects. In addition, plaintiff-wife claims defendant failed to equip its product with a safety device, and furthermore, defendant failed to warn that the product was not safe for its intended use.

Count III of the complaint states that defendant's product was in a defective condition and thus not fit for the purpose for which it was intended.

In count V, plaintiff-wife claims that the condition of the syringe constituted a breach of the defendant's implied warranty of merchantability. Furthermore, in count VII plaintiff-wife avers that defendant committed a breach of implied warranty of fitness for a particular purpose. Plaintiff-wife also claims that defendant breached its express warranty regarding its product in that the product was not safe for its intended use and further, that the product was not free from defects (count IX).

Counts II, IV, VI, VIII and X deal with plaintiff-husband's claim that he has been and will continue to be deprived of the comfort, companionship, services and assistance of his wife. Additionally, plaintiff-husband claims he will be compelled to expend large sums of money for the future medical care of his wife as a result of the incident.

The basis for defendant's motion for summary judgment is since plaintiff-wife has not suffered any physical injury, any claim for emotional distress resulting from the incident is not legally cognizable under Pennsylvania law. Moreover, defendant ar-

gues that plaintiff-husband's claim for loss of consortium must also fail since his claim is derivative of his wife's claim.

## DISCUSSION

A party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Pennsylvania Gas & Water Co. v. Nenna & Frain Inc.*, 320 Pa. Super. 291, 467 A.2d 330 (1983). In determining whether a party moving for summary judgment has met its burden, we must review the record in the light most favorable to the non-moving party. Furthermore, we must give the non-moving party the benefit of all reasonable inferences, and all doubts as to the existence of a genuine issue of material fact must be resolved in favor of dismissing the motion. *Pennsylvania Gas & Water Co. v. Nenna & Frain Inc.*, supra. See also *Christo v. Brittany, Inc.* 312 Pa. Super. 255, 458 A.2d 946 (1983).

In the case at bar defendant asserts that there is no genuine issue as to any material fact. That is, since plaintiff-wife sustained no physical injury as a result of the alleged incident, there can be no claim for emotional distress. On the other hand, plaintiffs assert that although plaintiff-wife may not have suffered any physical damage, she did suffer a physical impact and thus, their claim should not fail.

In support of their claim, plaintiffs refer to the case of *Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970). That case held that recovery may be had from a negligent defendant, despite the fact that plaintiff's injuries arose in the absence of actual impact. In *Niederman,* the court noted:

"It is fundamental to our common law system that one may seek redress for every substantial

wrong. 'The best statement of the rule is that a wrongdoer is responsible for the natural and proximate consequences of his misconduct. . . . ' " (Citations omitted.) *Niederman v. Brodsky,* supra., at 403, 261 A.2d at 85.

Furthermore, that court stated:

"Once there is even the slightest impact, it has been held that the plaintiff can recover for *any* damages which resulted from the accompanying fright, even though the impact *had no causal connection with the fright-induced injuries.*" (Emphasis in part added, emphasis in part in original.) *Niederman v. Brodsky,* supra, at 406-407, 261 A.2d at 86.

Plaintiff in *Niederman* suffered no physical impact, and yet was allowed to recover for his injuries.

In the present case there is no doubt that there was a physical impact. Plaintiff-wife was using a syringe manufactured by defendant and while so doing, the distal portion of the product became lost in her vagina. Clearly, it is well recognized that mental or emotional distress is the subject of legal redress if there is physical injury or physical impact. *Linn v. Duquesne Borough,* 204 Pa. 551, 54 Atl. 31 (1903).

Applying the principles of law to the case at bar, we can not agree with defendant that plaintiff is barred from bringing a claim for emotional injuries. Because plaintiff-wife suffered a physical impact, we believe she should be allowed to establish her claim for emotional suffering.

Accordingly we enter the following

### ORDER

Now, this March 3, 1986, it is hereby ordered that defendant's motion for summary judgment is denied and dismissed.