410

548 A.2d 1266

Albert F. MAIER and Albert F. Maier, Jr., Executors of the Estate of Walter J. Sudu, a/k/a Walter Sudu, Deceased,

v.

Earl L. HENNING, Gunnar M. Henning and Maynard W. Henning, Trading as GEM Properties, and Joseph Sudu, Stanley Sudu and Anna Percz.

Appeal of Joseph SUDU, Stanley Sudu and Anna Percz.

Albert F. MAIER and Albert F. Maier, Jr., Executors of the Estate of Walter J. Sudu, a/k/a Walter Sudu, Deceased, Appellants,

v.

Earl L. HENNING, Gunnar M. Henning and Maynard W. Henning, Trading as GEM Properties, and Joseph Sudu, Stanley Sudu and Anna Percz.

Superior Court of Pennsylvania.

Argued Feb. 3, 1988.

Filed Oct. 12, 1988.

Harry A. Jacobowitz, Palmerton, for appellants (at 2488) and appellees (at 2526).

Roger N. Nanovic, II, Jim Thorpe, for appellants (at 2526) and appellees (at 2488).

Patricia Carroll, Blue Bell, and Edward J. Hayes, Philadelphia, for appellees (at 2488 and 2526).

Before BECK, KELLY and JOHNSON, JJ.

JOHNSON, Judge:

This is a consolidated appeal from summary judgment which the Orphans' Court Division of the Court of Common

Pleas of Carbon County granted in a declaratory judgment action.

We are asked to determine whether a general power of sale clause contained in a will may override an express limitation upon sale found in the Probate, Estates and Fiduciaries Code [1] (the Code). We are also asked to determine whether the failure to object to a petition to sell real estate at private sale may constitute a statutory joinder on the part of a specific devisee under a will. Since we find the language of Section 3351 of the Code [2] to be both clear and free from doubt, and since we are unaware of any other provisions permitting the divestiture of specifically devised real estate, we reverse.

On May 19, 1980, Walter Sudu (the "Decedent"), died testate. Albert F. Maier and Albert F. Maier, Jr., (the "Executors"), were appointed Executors of the Decedent's Estate by the Carbon County Register of Wills on May 27, 1980.

The Decedent's Estate included a 17.1 acre parcel of property known as the "Hickory Run Plaza" (truck stop) leased to Interstate Traveler Services, Inc., since 1974. Included in the lease, and operated as an integrated unit with the truck stop, were four surrounding properties: (1) a 1.99 acre tract with a sewage treatment plant; (2) a 50 foot by 50 foot tract which was used for a high rise sign; and (3) two parcels containing easements from the truck stop to the sewage treatment plant and high rise sign location. These four parcels of property are the subject of this litigation. The truck stop together with the four surrounding properties were specifically devised by the Decedent in his will to Stanley Sudu, Joseph Sudu and Anna Percz (the "Devisees").

On October 29, 1981, the Executors presented to the Orphans' Court for Carbon County a Petition for Leave to Sell at Private Sale (the "Petition") certain specifically

1. Act of June 30, 1972, P.L. 508, No. 164, § 2, as amended, 20 Pa.C.S. § 101 et seq.
2. 20 Pa.C.S. § 3351.

described real estate to Earl L. Henning, his heirs and assigns (the "Hennings"). This Petition was presented under Section 3351 of the Code. Included within the perimeter of the legal description for the property to be conveyed to the Hennings were the four parcels of real estate at issue in this litigation. Both the Petition, and the subsequent deed to the Hennings, (ie. Earl L. Henning, Gunnar M. Henning and Maynard W. Henning, t/a GEM Properties) provided that the conveyance was under and subject, *inter alia*, to all restrictions, exceptions, convenants and conditions as contained in prior documents in the chain of title.

Prior notice of intention to present the Petition for Leave to Sell at Private Sale, including a copy of the Petition, was served on the Devisees' attorney by certified mail, return receipt requested. The attorney representing the Devisees in the estate proceedings had previously filed on December 19, 1980, a Petition for Citation Why an Account Should Not be Filed by the Executors, and on June 4, 1981, a Petition for an Order to Compel the Executors to Distribute Income from Specifically Devised Property. Further, the Petition for Leave to Sell at Private Sale specifically identified each of the Devisees as interested parties under the will.

No objections to the intended private sale by the Executors to the Hennings were voiced by the Devisees. The Orphans' Court by decree dated October 29, 1981, approved the proposed sale. Subsequently, by deed dated January 22, 1982, and recorded in Carbon County the Executors conveyed the property described in the Petition and Court Decree to the Hennings.

In dispute in this litigation is the fee simple ownership of the sewage treatment plant, the high rise sign location, and the two access easements to these locations. The Hennings claim ownership of these tracts pursuant to the Executors' Deed and Court confirmation. The Devisees claim fee ownership of these tracts pursuant to the will and the aforesaid specific devise.

To resolve this dispute and proceed with the orderly distribution of the estate, the Executors filed an Action for Declaratory Judgment. Following the close of the pleadings, a Motion for Summary Judgment was filed by the Executors. This Motion was granted by the Court, which found fee simple ownership of the disputed parcels to be in the Hennings under and subject to the lease with Interstate Traveler Services, Inc. In reaching this conclusion the Court held that the Devisees by their inaction and failure to object to the Petition for Leave to Sell at Private Sale had acquiesced and joined in such sale in accordance with the provisions of Section 3351 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3351. Timely Notices of Appeal from the Court's Order were separately filed by the Executors and the Devisees. The appeals have been consolidated by stipulation.

Before summary judgment may be entered, the case must be clear and free from doubt, the moving party must prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035; *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.*, 320 Pa.Super. 291, 467 A.2d 330 (1983). The parties agree that there are no material questions of fact. Consequently, in reviewing the orphan's court summary judgment, we determine whether the court committed an error of law. *Id.*

It is clear from the will that the testator intended to convey a fee simple interest in the real estate set forth in Paragraph 4 of the will, and not just an easement right. In pertinent part the will provides:

It is to be understood that this specific devise includes not only the above 17.1 acres, but also all those parcels set forth as Exhibits B, C and D, attached to the Agreement of Lease above described, and also the 40–foot right-of-way to the high rise sign as shown in red on Exhibit A, attached to said Agreement of Lease.

It is also clear that the legal title passed at the Decedent's death on May 19, 1980 to the Devisees, subject only

to the lawful powers of the personal representatives, the Executors and all orders of the court. 20 Pa.C.S. § 301.

■ Unless the Petition for Leave to Sell Real Estate, presented on October 29, 1981, could operate to divest the Devisees of their already acquired interest under the will, the deed of January 22, 1982 from the Executors to the Hennings could only transfer that property not already included in the specific devise. We are persuaded that no divesture occurred.

We begin our analysis by eliminating any consideration of a judicial sale under Section 3353 of the Code, 20 Pa.C.S. § 3353. The petition contains no averment that it is advisable that the sale have the effect of a judicial sale. Equally important, the decree of court signed on October 29, 1981 in response to Count III of the Petition does not contain a finding that the proposed sale is "desirable for the proper administration and distribution of the estate." 20 Pa.C.S. § 3353. Nor could the Court have so found, given the large number of real estate parcels remaining under the residuary clause and the other significant assets remaining in the estate not specifically bequeathed or devised.[3]

Thus, the only possible statutory authority for an executor attempting to sell specifically devised real estate must be found in Section 3351 of the Code. That section, in its entirety, provides:

### § 3351.  Power to sell

Except as otherwise provided by the will, if any, the personal representative may sell, at public or private sale, any personal property whether specifically bequeathed or

---

**3.** On October 9, 1980 an original Inventory and Appraisement had been filed by the Maiers, showing numerous (over 20) parcels of real estate valued at $654,372 and personal property valued at $167,591.40. A Second Amended Inventory and Appraisement was filed on December 30, 1981, which adjusted the real property values to $522,250, and increased the personalty to $175,383.86.

Petitions for Leave to Sell Real Estate at Private Sale were filed on June 24, 1981, August 17, 1981 and November 4, 1981. Both of the latter petitions sought leave to sell numerous properties from the estate. On this appeal, we are only concerned with the petition presented on October 29, 1981 and filed on November 4, 1981.

not, and any real property not specifically devised, *and with the joinder of the specific devisee real property specifically devised.* When the personal representative has been required to give a bond, no proceeds of real estate, including proceeds arising by reason of involuntary conversion, shall be paid to him until the court has made an order excusing him from entering additional security or requiring additional security, and in the latter event, only after he has entered the additional security.

20 Pa.C.S. § 3351 (emphasis added).

■ On appeal, both the Devisees and the Executors argue that the Executors were without power to convey specifically devised real property to the Hennings unless the Devisees joined in the sale. We agree.

The relevant language of Section 3351 clearly requires the joinder of all specific devisees in order to permit the personal representative to sell real property specifically devised. This is nothing more than common sense. Without the joinder, the statute has not been followed and the sale is of no effect with regard to the devisees' predetermined interests.

■ The trial court, in seeking to counter the Devisees' argument that joinder did not occur, looks to the action of the Devisees, in seeking to compel the Executors to discharge their responsibility, as disposing of this claim. The trial court reasoned that the Devisees voluntarily became active parties in the case when they filed their petition for citation to file an account and, again, when they petitioned to compel distribution of estate income. We can agree with the trial court that the Devisees accepted the jurisdiction of the orphans' court division by these acts without agreeing that jurisdiction equals joinder. Nor do we understand that a failure to respond to a petition for leave to sell real estate, pursuant to Orphans' Court Rule 3.2, can satisfy the petitioner's obligation under the statute to seek, and secure, joinder.

■ The trial court places partial reliance on Orphans' Court Rule 3.2, 20 Pa.C.S. (1988 Supp., following § 794), which requires a party opposing the granting of the prayer of a petition to file an answer and specifically state objections thereto. The trial court found that since the Devisees took no action to object to the petition, their silence and inaction constituted consent and, therefore, joinder. There is no dispute that the Devisees had, at least, constructive notice that the Executors desired to convey certain parcels of real estate. Nevertheless, the *power* of the personal representatives to sell real property already specifically devised is found only in Section 3351 of the Code. That statutory power is neither enlarged nor diminished by the action or inaction of any party not in conformity therewith.

We find no way to escape or avoid the clear language of Section 3351 which couples the authority to sell specifically devised real estate with the joinder of the specific devisees. The trial court misstates the Devisees' position when it declares that the Devisees argue that, without a joinder, the trial court did not have personal jurisdiction. Jurisdiction need not be disputed to resolve this case. Assuming jurisdiction, Section 3351 still requires joinder, an affirmative act.

The difficulty with the position of the Hennings is that they seemingly rely on the service of the petition upon counsel for the Devisees as establishing joinder through inaction. Neither the trial court nor the Hennings have cited to any law, nor are we aware of any, establishing a principle of joinder by inaction. The terms are oxymoronic.

Had the Executors intended to divest the Devisees of their fee simple interest in the subject properties, they could have petitioned the orphans' court for approval of a sale pursuant to Section 3353 of the Code. This would have afforded an opportunity to consider, and resolve, the rights of the parties prior to any purported conveyance. It would also have required an express finding, by the court, that the sale was desirable for the proper administration and distri-

bution of the estate. As we have already indicated, such a finding on the facts here involved would have been unlikely.

Where, as here, neither joinder nor an attempt at compelling joinder has occurred, we are constrained to conclude that the Devisees retained the same rights the day after the deed conveyance as they possessed the day before. Consequently, the Hennings take title under and subject to the rights vested in the Devisees as set forth in Paragraph 4 of the will. We conclude that the Hennings acquire no interest in property already devised under the will.

There is no dispute that a declaratory judgment action is one appropriate means to resolve this dispute. There is no dispute that there is no genuine issue as to any material fact.

For the reasons set forth above, we conclude that the trial court drew the wrong conclusions from the facts and that summary judgment in favor of the defendants Hennings was error. Summary judgment in favor of defendants Joseph Sudu, Stanley Sudu and Anna Percz is in order.

Accordingly, we reverse the order of the trial court, and remand for further proceedings consistent with the foregoing Opinion. Jurisdiction is relinquished.