## Small v. Camelback Ski Corp.

*Ralph A. Matergia,* for plaintiff.
*Gerald F. McCormick,* for defendant.

O'BRIEN, *J.,* June 25, 1991—Plaintiff Joseph Small commenced this action against defendant Camelback alleging negligence on the part of defendant resulting in injuries to plaintiff while skiing at Cam-

elback Ski Area on January 16, 1986. Defendant filed an answer and new matter denying negligence and averring assumption of risk and contributory negligence. After plaintiff's deposition was taken, defendant moved for summary judgment. Following oral argument on June 3, 1991, the submission of an affidavit by plaintiff's expert, and briefs by both parties, the motion for summary judgment is ripe for disposition.

Pa.R.C.P. 1035 sets forth the criteria by which motions for summary judgment shall be adjudicated. Subsection (b) mandates that:

"The judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the moving party is entitled to a judgment as a matter of law."

Summary judgment should be granted only where the right is clear and free from doubt. *Pennsylvania Gas and Water Co. v. Nenna and Frain Inc.,* 320 Pa. Super. 291, 467 A.2d 330 (1983); *Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979).

In determining whether the case is free from doubt and whether the moving party has met his burden, the court must examine the record in the light most favorable to the non-moving party, giving him the benefit of all reasonable inferences from the record. *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968). The court must also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mutual*

*Companies,* 294 Pa. Super. 577, 440 A.2d 616 (1982); *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971). Finally, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson, supra.*

On October 27, 1985, 37-year-old Joseph Small executed a season pass contract with Camelback Ski Corp. The agreement provides, in relevant part:

"The purchaser or holder of the season pass agrees and understands that skiing is an inherently dangerous sport. Trail conditions vary consistently because of weather changes and skier use. Ice, variations in terrain, moguls, forest growth, rocks and debris, lift towers, snowmaking equipment and other obstacles and hazards, including other skiers, may exist throughout the area. *The purchaser or user of this pass agrees that injuries, sometimes serious, resulting from these risks are not the responsibility of Camelback, and voluntarily assumes the risk of injury while participating in this sport.* "

On January 16, 1986, plaintiff fell while skiing a trail known as "the Hump" and slid off the left edge of the trail where he collided with a telephone-type pole that had a snowmaking gun on it. As a result of the fall, plaintiff suffered a fractured transverse process at vertebrae and bruises and contusions to the back and hip. Prior to the accident, plaintiff had made between five to eight runs down "the Hump" that same evening. (N.T. 17.) Plaintiff considered himself to be an advanced intermediate skier and had skied approximately 13 to 14 times during the 1985-86 season, nine of which were at Camelback. There being no material facts at issue, our next inquiry is whether defendant is entitled to judgment as a matter of law.

Plaintiff maintains defendant was negligent in the placement of a snowmaking pole, in failing to take precautions to guard against impact with the snowmaking pole, in defectively designing the slope which increased the likelihood of impact with the snowmaking pole, and in failing to properly groom the skiing surface. Defendant's summary judgment argument is based on two alternative theories of assumption of the risk: "express assumption of the risk" and "no duty." We conclude that application of section 496B of the Restatement (Second) of Torts is dispositive of this proceeding. The Restatement provides as follows:

"§496B. Express Assumption of Risk

"A plaintiff who by contract or otherwise expressly agrees to accept a risk of harm arising from the defendant's negligent or reckless conduct cannot recover for such harm, unless the agreement is invalid as contrary to public policy."

Our Superior Court in *Zimmer v. Mitchell and Ness,* 253 Pa. Super. 474, 385 A.2d 437 (1978), *aff'd per curiam,* 490 Pa. 428, 416 A.2d 10 (1980), developed the following test to determine the validity of exculpatory clauses whereby one expressly assumes the risk of engaging in a particular activity:

"(1) The contract must not contravene any policy of the law.

"(2) It must be a contract between individuals relating to their private affairs.

"(3) Each party must be a free bargaining agent, not simply one drawn into an adhesion contract, with no recourse but to reject the entire transaction.

"(4) The agreement must be construed strictly against the party asserting it.

"(5) The agreement must spell out the intent of the parties with the utmost particularity."

The gravamen of the dispute, as in most cases involving express assumption of the risk agreements, is whether the final requirement of the *Zimmer* test has been met. Plaintiff contends that the exculpatory clause does not relieve Camelback from liability, averring a combination of factors not specified in the agreement were responsible for plaintiff's injuries. We view plaintiff's novel theory to be an attempted end run around the comprehensive language of the parties' contract. The injury occurred on plaintiff's fifth or sixth run down the same slope. The hazard presented by "snowmaking equipment" is explicitly spelled out in the agreement. While exculpatory clauses must be construed strictly since they are not favored in the law, a court must use common sense in interpreting the agreement. *Zimmer v. Mitchell and Ness, supra.* Plaintiff specifically acknowledged that the topography of the slope would vary and that snowmaking equipment was a hazard "throughout the ski area." Plaintiff further expressly assumed the risk of injuries caused by these obstacles and hazards, and accordingly, Camelback is entitled to summary judgment as a matter of law. This conclusion is consistent with the holding of President Judge James R. Marsh in *Richard Parke v. Camelback Ski Corporation,* C.P. of Monroe County, no. 1711 Civil 1987, and District Judge Thomas N. O'Neill Jr. in *Henry Badiukiewicz v. Tuthill Corporation t/a Little Gap Ski Area,* E.D. Pa., Civil no. 6451 of 1986.

## ORDER

And now, June 25, 1991, defendant's motion for summary judgment is granted and judgment is entered in favor of Camelback Ski Corporation and

against Joseph H. Small Jr., with costs assessed against plaintiff.