Randy R. Nonemaker, Appellant *v.* County of York, Appellee.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Allen H. Smith,* for appellant.

*Robert J. Brown, Kain, Brown & Roberts,* for appellee.

OPINION BY JUDGE MENCER, October 14, 1981:

Randy R. Nonemaker (appellant) has appealed from an order of the Court of Common Pleas of York County which granted summary judgment against him in his action against York County (County). We reverse and remand.

In May of 1979, the appellant filed a complaint in trespass against the County, alleging that he had suffered injuries as a result of several incidents which occurred while he was incarcerated in the York County Prison. In essence, the appellant claimed that he was injured on December 25, 1976, as the result of being pushed by a fellow prisoner. He also claimed that these injuries were aggravated by (1) the failure of prison guards to provide immediate care, (2) mistreatment at the hands of prison guards, and (3) mistreatment by one Roland Williams, who represented himself to be the "county doctor." The complaint alleged

that the guards and Williams were acting as agents of the County of York when the events in question transpired.

The County filed an answer and new matter which denied that the County was responsible for the employment of personnel at the York County Prison or for the maintenance, safety, and health of persons committed thereto and asserted that the York County Prison Board was fully and exclusively responsible 'for any injuries which the appellant may have suffered. The County then filed a motion for summary judgment, which was granted. The Court held that, as a matter of law, only the York County Prison Board could have been liable for any injuries suffered by the appellant. This holding was in error.

Section 1 of the Act of May 16, 1921, P.L. 579, *as amended,* 61 P.S. §408, provides, in pertinent part, that

the persons now holding the following offices, and their successors, in all counties of this Commonwealth of the third, fourth, and fifth classes, shall compose a board, to be known by the name and style of inspectors of the jail or county prisons . . . : in which board, and the officers appointed by it, the safe-keeping, discipline, and employment of prisoners, and the government and management of said institution, shall be exclusively vested. . . .

The board of inspectors is not a municipal corporation[1] or a municipal authority,[2] but it is an independent body created by statute. Its members serve ex officio and are not subject to direct appointment or

[1] A municipal corporation has been defined as "[a] public corporation, created by government for political purposes, and having subordinate and local powers of legislation." Black's Law Dictionary 1168 (4th ed. rev. 1968).

[2] *See* Section 2(b) of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §302(b).

removal by any government official or agency.[3] The board has the power and duty to appoint a warden, who in turn may appoint deputies, assistants, or keepers.[4] These factors provide a strong indication that the board is something more than a mere administrative arm of the county government. On the other hand, the board of inspectors has no power to levy and collect taxes but depends upon the county treasury for financial support.[5] The salaries of its employees are set by the county salary board.[6] Nevertheless, we agree with the court below that the board of inspectors is an independent entity which is responsible for the acts of its agents and which may be sued in its own name. Therefore, to the extent that the appellant's complaint sought to impose vicarious liability on the County for injuries caused by employees of the York County Prison Board, acting as such, it failed to state a valid cause of action. We do not agree, however, that this statutory provision precludes liability on the part of the County for the acts of its own agents.

In determining whether summary judgment was properly entered in this case,

> we are to accept as true all well pleaded facts in the nonmoving parties' pleadings, as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom; the record must be examined in the light most favorable to them; and in passing

---

[3] Except, of course, when they are appointed to or removed from the office which entitles them to membership on the board of inspectors.

[4] Section 2 of the Act of May 16, 1921, reenacted by Section 2 of the Act of January 25, 1966, P.L. (1965) 1577, *as amended*, 61 P.S. §409.

[5] Section 3 of the Act of May 16, 1921, reenacted by Section 4 of the Act of January 25, 1966, 61 P.S. §410.

[6] 61 P.S. §409.

upon a motion for summary judgment, it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A.2d 841 (1968).

*Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa. Superior Ct. 198, 203, 280 A.2d 570, 573 (1971).

If we examine the record in the case before us in the light most favorable to the appellant, it is apparent that genuine issues of fact still exist. The appellant's complaint alleges that his injuries were aggravated by prison guards and by Williams, who were all acting as agents of the County. Even though the guards were employees of the York County Prison Board, it is possible that they could have been acting, beyond the scope of their employment, as agents of the County (or some other third party). It is also conceivable that the appellant could establish that Williams, as an agent of the County, contributed to his injuries.

The existence and nature of an agency relationship is a question of law which must be decided from the individual facts of each case. *Namie v. DiGirolamo,* 412 Pa. 589, 195 A.2d 517 (1963). The facts have not yet been developed in the present case; the record contains only conflicting allegations of agency in the pleadings.[7] Therefore, the court below erred in granting summary judgment for the County and dismissing the complaint.

Order reversed and case remanded for further proceedings consistent with this opinion.

---

[7] We have not been asked to resolve the question of whether the County admitted the agency of Williams by reason of Pa. R.C.P. No. 1045. We have not considered this issue.

## ORDER

AND Now, this 14th day of October, 1981, the order of the Court of Common Pleas of York County, dated July 18, 1980, which granted summary judgment in favor of York County and against Randy R. Nonemaker, is hereby reversed, and the case is remanded for further proceedings consistent with the opinion filed in this matter on this date.