## Manci v. Sewer Authority of the City of Scranton

*Charles Wilson,* for plaintiffs.

*Michael P. Savitsky,* for defendants Sewer Authority of the City of Scranton, Salvatore Occhipinti and Robert Keegan.

MUNLEY, *J.,* May 16, 1990 — This matter is before the court on the motion for summary judgment of defendants Scranton Sewer Authority, Salvatore Occhipinti and Robert Keegan.

The underlying factual scenario giving rise to this legal issue appears to be as follows: Plaintiff instituted an action sounding in negligence and strict liability, claiming that on August 16, 1983, defendants Salvatore Occhipinti and Robert Keegan, employees of defendant Sewer Authority of the City of Scranton, were negligent. In addition, and at the aforementioned time, defendant, Sewer Authority owned a Vactor Jet Rodder, a machine with which high-pressure water is utilized combined with an air vacuum system for the purpose of cleaning sanitary sewers or drain lines. The Vactor Jet Rodder ma-

chine was used, taking advantage of its high-pressure water line, to clear an obstruction in the drains of property owned by plaintiff, Louis Manci, on August 16, 1983. Plaintiff, Louis Manci, was self-employed as the owner and operator of an automobile collision repair shop located at 1120 Penn Avenue, Scranton, Pennsylvania. Upon the request of plaintiff, Louis Manci, defendants Salvatore Occhipinti and Robert Keegan, as employees of defendant Sewer Authority, arrived at the repair shop of plaintiff, Louis Manci, to clear three collision shop garage drains. While the high-pressure hose was inserted in a drain, a pressure buildup apparently occurred, and the hose sprang from the drain striking plaintiff, Louis Manci, causing personal injury.

In ruling upon a motion for summary judgment, the function of the court rests in determining whether any disputed factual matters are in existence; the court does not decide an actual issue of fact. *Weiss v. Keystone Mack Truck Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). Where facts are in dispute, those questions of fact are for the jury. *Nonemaker v. York County,* 62 Pa. Commw. 200, 435 A.2d 675 (1981).

Rule 1035(d) of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

"[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

"In considering a motion for summary judgment under Rule 1035, a court may rely on the pleadings for uncontroverted facts but must ignore the pleadings as to controverted facts. Rule 1035(d) of the Pennsylvania Rules of Civil Procedure was taken verbatim from Federal Rule of Civil Procedure 56(e). The Advisory Committee on the federal rule commented as follows on the purpose of the last two sentences of the rule: '. . .A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue . . . . The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is genuine need for trial. The . . . doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. . . .' " *Phaff v. Gerner,* 451 Pa. 146, 150-1, 303 A.2d 826, 829 (1973).

Defendants argue that they are immune from liability for claims asserted by plaintiffs by virtue of the Governmental Immunity Act, 42 Pa.C.S. §§8541 to 8564.

The basic statute on immunity is found at 42 Pa.C.S. §§8541 and 8542(b). The general rule of law is that there is immunity. Title 42 Pa.C.S. §8541 states:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or

property caused by any act of the local agency or an employee thereof or any other person."

However, to this general rule, an exception is set forth at 42 Pa.C.S. §8542(b) which reads as follows:

"The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) *Vehicle liability* — The operating of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled *and any attachment thereto,* including vehicles operated by rail, through water or in the air." (emphasis supplied)

As noted from the deposition of Mr. Occhipinti, the hose that was used to clean this drain was powered by the same motor that powered the wheels of the vehicle. Mr. Occhipinti clearly stated in his deposition that the accident occurred when the engine that he was operating — which is the same engine that operates the wheels — stalled. When he started up the engine — the same engine that operates the wheels — the hose received the pressure, jumped out of the hole, and struck plaintiff in the face. While we recognize that the Jet Rodder has a separate engine on the back that operates the suction part of a vacuum-type hose, that is not the hose that caused the accident in this case. Notably Mr. Occhipinti testified that the hose which caused the alleged accident was the hose that is located on a reel located in the front of the truck. The operation of this hose, its pressure, and the water that goes into it comes directly off the engine that operates the truck and, ergo, would appear to constitute an attachment to the motor vehicle and therefore come within the exception to immunity that is noted in section 8542(b).

We believe, in accord with Justice McDermott's opinion in *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), despite the narrow construction which must be applied to exceptions to governmental immunity (see *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987)), in matters of this nature it becomes a question of definition to interpret these subtleties. "[W]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." *Love, supra.* We find the operation of the questioned apparatus presently falls within the definition of operation as defined in *Love.* I discern support for this conclusion in the following authority. Webster's Ninth New Collegiate Dictionary (1984) defines attachment as follows: *"attachment* — a device attached to a machine or implement."

Further, William C. Burton's Legal Thesaurus, Deluxe Edition (1980) at 37, gives the following fit nuances for the word attachment:

*"attachment* — (Thing affixed), noun - accessory, addendum, additum, adjunct, affixture, annex, appendage, appendix, appurtenance, fixture, postfix, supplement, supplementary device."

In the instant case, it is clear from the deposition of Mr. Occhipinti and from the word or words employed by the legislature in the statute under discussion that there is a genuine issue of a material fact, i.e., was the operation of this hose, which is an attachment to the truck, the operation of a motor vehicle in the possession or control of the local agency. We opine that this does constitute such an "operation" of a motor vehicle so as to fall within the exception to the act and not the getting-into or alighting-from acts ancillary to operating a motor vehicle, as distinguished in *Love, supra.* Furthermore, in as much as the hose in question is operated

off the very engine that runs the wheels of the truck, and since the hose receives its power and pressure from the engine that operates the wheels of the truck as revealed by Mr. Occhipinti, there is, as a consequence, a genuine issue of fact for the jury to decide as to whether the operation of that hose constitutes the operation of a motor vehicle with an attachment thereto. Section 8542(b)(1), *supra*. Therefore there being a genuine issue as to fact, that issue should be decided by a jury, not by this court on a motion for summary judgment.

## ORDER

Now, May 16, 1990, it is hereby ordered that the motion for summary judgment of defendants Sewer Authority of the City of Scranton, Salvatore Occhipinti and Robert Keegan is denied.