**Michael ZOLK**

v.

**MOBIL OIL CORPORATION**

v.

**STRICK CORPORATION.**

Civ. A. No. 79–3092.

United States District Court,
E. D. Pennsylvania.

March 24, 1981.

Gustine J. Pecagatti, P. C., Philadelphia, Pa., for plaintiff.

J. Kurt Straub, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff, Michael Zolk, a driver employed by M&R Associates, Incorporated, ("M&R"), was injured when a brace on a trailer attached to the tractor he was driving snapped, swung around and hit him on his forearm. The trailer, manufactured by Strick Corporation ("Strick"), was owned by Mobil Oil Corporation ("Mobil") and the accident occurred on Mobil's property. Plaintiff was, at the time, hauling the trailer between Mobil's Paulsboro, New Jersey, refinery and Mobil's Brooklyn refinery pursuant to an arrangement between Commercial Transport, Incorporated ("CTI"), and Mobil: CTI supplied their own tractors and drivers "leased" from M&R to haul Mobil's trailers between those points on a "dedicated run basis."

Plaintiff, a citizen of Pennsylvania, has brought this suit against Mobil, a New York corporation, on theories of negligence and strict liability, to recover for injuries allegedly suffered by him in the accident described above. The claims based on strict liability were dismissed on December 18, 1980. Mobil has now moved for summary judgment on the remainder of plaintiff's claims on the ground that it is a "statutory employer" within the meaning of Section 203 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 52, and is therefore immune from liability other than as provided in the Act, 77 P.S. § 481.

Section 203 of the Act provides that:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. § 52. This provision, which was intended to extend the protection of the Act to injured employees whose immediate employers are not covered by the Act, has been repeatedly invoked as a shield against common law liability by entities claiming to be "statutory employers". It has, therefore, been given a narrow reading by the courts of Pennsylvania, *Stipanovich v. Westinghouse Electric Corp.*, 210 Pa.Super. 73, 231 A.2d 894 (Superior Court of Pennsylvania 1967). As set forth in *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424 (1930), the seminal case interpreting Section 203, the owner of the premises upon which an injury occurs cannot be an "employer" within Section 203:

> If the term "employer" in section 203 means the owner ... then the section would read: "an owner who permits on his premises employees hired by a subcontractor ... shall be as to such employees a statutory employer." The owner would not be liable to the employees of an independent contractor since the act specifically excludes an owner from liability to the employees of an independent contractor (citations), but he would be liable to those of a subcontractor under such a contractor. Such construction not only would create an arbitrary classification but also would lead to an impossible result. By holding that an owner is not a statutory employer and that employer and principal contractor are synonymous, these sections are workable.

*McDonald, supra*, 302 Pa. at 294, 153 A. at 426. The court then listed five elements essential to a determination that an entity qualifies as a statutory employer within Section 203:

(1) An employer who is under contract with an owner ... (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business entrusted to such subcontractor. (5) An employee of such subcontractor.

*McDonald, supra,* 302 Pa. at 295, 153 A. at 426.

Applying the test set forth in *McDonald,* Mobil cannot be deemed to be a statutory employer within Section 203. Mobil—the owner of the premises upon which the accident occurred—cannot be "an employer who is under contract with an owner". *Cramer v. L. M. Klunk & Sons, Inc.,* 62 Pa.D.&C.2d 148 (1971). Mobil argues that despite this apparent requirement, *McDonald* itself recognized that an owner could be found to be a statutory employer within Section 203 if the owner exercised sufficient control over the work performed by the injured. In support of this contention, Mobil quotes the following language:

Where an owner contracts with another for work on his premises in furtherance of his regular business, the employment is an independent one, establishing the relation of contractee and contractor and not that of master and servant or statutory employer and employee, and a workman injured on that work is not entitled to compensation from the owner as statutory employer *or master* unless the relation of master and servant is established by the contract *reserving control over the means of accomplishing the work as well as over the result to be accomplished* ...

*McDonald, supra,* 302 Pa. at 297, 153 A. at 427. The quoted passage simply states that there are two ways in which an entity may be considered an employer within the meaning of the Act: (1) when a master-servant relationship is established between the injured and the entity and (2) when the entity is found to be a statutory employer within Section 203. *See Boettger v. Babcock & Wilcox Company,* 242 F.2d 455, 457 (3d Cir.

1957). An owner cannot be a statutory employer[1]—but may be found to be an employer within the Act if the finder of fact can conclude that a master-servant relationship existed between the injured and the owner.

Thus, defendant is not immune from common law liability on the ground that it is a statutory employer within Section 203 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 52. Defendant is, of course, free to adduce evidence at trial to show that it is immune because of the existence of a master-servant relationship between it and plaintiff. As that presents a disputed issue of fact, summary judgment is not appropriate at this juncture.

Accordingly, in an accompanying order, defendant's motion for summary judgment is denied.

---

1. There is one limited case in which the courts of Pennsylvania have found an owner/employer to be a statutory employer within Section 203. This occurs when an employee of an owner engages a helper to assist him in the performance of his duties, *D'Alessandro et al. v. Barfield et al.,* 348 Pa. 328, 35 A.2d 412 (1944), and has no applicability to the facts of this action.