**Frederick C. KOHLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 84–0207.**

United States District Court, W.D. Pennsylvania.

Feb. 12, 1985.

John A. Caputo, Pittsburgh, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., United States District Court, Western District of Pennsylvania, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

MENCER, District Judge.

Plaintiff instituted this diversity action against the defendant, the United States of America, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. Arguing that application of the FTCA and the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq. bar recovery in this case, the United States filed a Motion to Dismiss or, Alternatively, for Sum-

mary Judgment, along with briefs in support and the affidavits of Homer K. Browne, Jr., and Ralph V. McKnight. Plaintiff has filed a brief in opposition to defendant's motion and the affidavit of Julie Frazee Steidl.

On or about October 2, 1981, the plaintiff was injured on the defendant's premises, the Butler Post Office, while attempting to load from defendant's dock onto his employer's truck, an overfilled mail hamper. The plaintiff was employed by McKnight Trucking, which was under contract with the United States Postal Service to transport mail.

On September 30, 1983, the plaintiff submitted a claim to the United States Postal Service. This claim was rejected by letter dated November 30, 1983. Plaintiff, in addition, had submitted a claim for workmen's compensation benefits. Pennsylvania Manufacturer's Insurance Co., the insurance carrier for McKnight Trucking, paid this claim.

We will treat this as a Motion for Summary Judgment. Summary judgment is proper under Rule 56(c) of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact. Disposition of this motion requires examination of two statutes—the Federal Tort Claims Act and the Pennsylvania Workmen's Compensation Act.

■ Traditionally, the United States has been immune to suit without its consent. The Federal Tort Claims Act provides a broad exception to this general rule. Under the FTCA, the United States is liable for the tortious conduct of its employees to the same extent as a private individual. *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The pertinent part of the FTCA, 28 U.S.C. § 2674, states:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances but shall not be liable for interest prior to judgment or for punitive damages.

In other words, the "government stands in the shoes of a private person in like circumstances." *Hunt v. United States*, 636 F.2d 580, 585 (D.C.Cir.1980). We shall, therefore, accord the United States the same rights and liabilities as a private individual. We must determine whether the actions of the United States, if performed by a private individual, would have subjected the private individual to tort liability.

The federal government's liability shall be determined "in accordance with the law of the place where the (wrongful) act or omission occurred." 28 U.S.C. § 1346(b). We will, therefore, consult Pennsylvania law because the injury occurred at the Butler Post Office in Butler, Pennsylvania. The law to be scrutinized is the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., which guarantees immediate, fixed benefits to employees, regardless of fault, but as a *quid pro quo* denies them the right to sue their employer for any injury. 77 P.S. § 481(a).

The defendant contends that the United States through its agent, the United States Postal Service, meets the criteria of "statutory employer" under the Pennsylvania Workmen's Compensation Act. If it is a statutory employer, it would be liable to pay workmen's compensation benefits, if required, as if to its own employee, but it would also be entitled to statutory immunity from the plaintiff's claim.

Courts which have decided the issue of whether the United States may enjoy a statutory employer defense have reached mixed results. The Tenth Circuit in *Richardson v. United States*, 577 F.2d 133 (10th Cir.1978), addressed the issue of whether the government may invoke a defense available under a state workmen's compensation statute and held that the statutory employer defense was not available to the United States. The Florida law of workmen's compensation was held to be controlling since the accident occurred in Florida. The court stressed that although the government had required the contractor and subcontractor to maintain adequate

workmen's compensation insurance and such insurance was in effect at the time the plaintiff was injured, since the government did not have a duty to provide workmen's compensation insurance, it could not avail itself of the statutory employer defense. 577 F.2d at 134–35.

The Fifth Circuit reached an opposite conclusion in *Roelofs v. United States*, 501 F.2d 87 (5th Cir.1974), *cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975). The court reasoned that since the United States did, as a matter of its own policy, require the contractor to provide workmen's compensation insurance for its own employees it should enjoy the benefit of any immunity provided to private employers. In the *Richardson* case, the court discussed the *Roelofs* decision. "In *Roelofs* it was assumed that the United States, had it been a private employer, would have been liable for workmen's compensation under the Louisiana statute." 577 F.2d at 137. This is also true in Pennsylvania. In Pennsylvania, a statutory employer is liable to such an injured employee in the same manner and to the same extent as to his own employee. 77 P.S. § 52.

We hereby adopt the reasoning in the *Roelofs* decision as it is more persuasive. The court in *Watkins v. United States*, 479 F.Supp. 785 (D.S.Car.1979), expressed it well. "A private person who had done for his employees what the United States has required here would enjoy statutory employer immunity, therefore, it is appropriate that the United States should also enjoy that immunity." 479 F.Supp. at 788.

■ In light, of the statutory policy of Pennsylvania of supplanting an employee's common law rights against his employer with a system of benefits payable to the employee by the employer, without regard to negligence or contributory fault in return for the employer's immunity from common law liability, we will afford the United States the opportunity to invoke the statutory employer defense.

A statutory employer is defined as follows:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. § 52 (Purdons 1983).

The Pennsylvania Supreme Court in *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424 (1930), enunciated five conditions which must be satisfied before the relationship of statutory employer is created:

(1) An employer who is under contract with an owner or one in position of an owner.

(2) Premises occupied by or under the control of such employer.

(3) A subcontract made by such employer.

(4) Part of the employer's regular business intrusted to such subcontractor.

(5) An employee of such subcontractor.

In order to determine whether the United States is a statutory employer it is necessary to analyze these five elements in terms of the Postal Service as the employer. This analysis was followed in *Wiltrout v. Circle Mobile Home Sales, Inc.*, 293 Pa.Super. 131, 437 A.2d 1240 (1981). The plaintiffs in that case instituted an action for injuries against Bell Telephone Company. The plaintiff was injured when he fell from a telephone pole while removing wires. He was employed at the time of the accident by Penn Line Service, Inc. That company had a contract with Bell Telephone Company to perform work on the telephone lines. Bell Telephone asserted the statutory employer defense. The court held that the Bell Telephone Company had satisfied all five elements of *McDonald* and was, therefore, entitled as a statutory employer to immunity from liability in tort to the plaintiffs.

■ It appears to this Court that these elements have also been satisfied here. The first requirement, that the United States be under contract with an owner, has been satisfied. According to the affidavits submitted by counsel, the Postal Service is under contract with the owner of the property. The Postal Service is a lessee of the premises and not the owner.

The second element has also been satisfied. Although it is not the owner, the Postal Service occupies the premises. Plaintiff in his brief agreed that the subject premises were under the control of the defendant and that the plaintiff was simply there using the premises to load and haul mail. This is substantiated by the affidavit of Homer K. Browne, Jr., Postmaster of the Butler Post Office. He states that the United States Postal Service has exclusive control of the Post Office premises, including the area known as the loading dock.

The third requirement, that there be a subcontract made with the Postal Service, is satisfied. The contract between McKnight Trucking and the Postal Service whereby McKnight Trucking was obligated to transport mail is sufficient. In *Wiltrout,* the contract between Bell Telephone Company and Penn Line Services, Inc. to perform work on its telephone lines was considered a subcontract for purposes of the statutory employer analysis.

Part of the Postal Service's regular business is to deliver mail. 39 U.S.C. § 404(a)(1). The transportation of that mail, entrusted in part to McKnight Trucking, was an integral part of that business. Thus, the fourth element has been satisfied.

Frederick Kohler was an employee of McKnight Trucking, the subcontractor in this case. Therefore, all five requirements for a statutory employer are met under the facts of this case.

Since the federal government is treated as a private individual pursuant to the Federal Tort Claims Act and it meets the statutory requirements, it is entitled to immunity as a statutory employer under the Pennsylvania Workmen's Compensation Act.