**Nancy W. ALLEN, Plaintiff,**

v.

**UNITED STATES of America.**

**Civ. A. No. 88–1428.**

United States District Court,
W.D. Pennsylvania.

Feb. 22, 1989.

---

**16**

Bruce T. Phillips, Gilardi & Cooper, Pittsburgh, Pa., for plaintiff.

Mary Beth Kotchella, Asst. U.S. Atty., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

In this Federal Tort Claims Act suit, the government has raised a statutory employer defense under the Pennsylvania Workmen's Compensation Act, 77 Pa.S.A. § 1 et seq. Because we conclude that the United States was the owner of the site, and under the Workmen's Compensation Act an owner cannot be a statutory employer, we will deny the government's motion.

The United States Department of Energy (DOE) owns and operates a facility known as the Pittsburgh Energy Technology Center. Under a program designed to ensure the hiring of disadvantaged small businesses, 15 U.S.C. § 631 et seq., DOE contracted with the United States Small Business Administration (SBA) for janitorial services. The SBA then sub-contracted the work to Harris Cleaning Services. Plaintiff was employed by Harris as a cleaning person, and she was injured in the course of her employment at DOE's Center. Plaintiff obtained Workmen's Compensation benefits from Harris and then filed this suit seeking tort damages from the United States.

The Government seeks the immunity accorded a "statutory employer" under the Pennsylvania Workmen's Compensation Act, 77 Pa.S.A. § 52. Under that section an "employer" who hires a subcontractor is liable to employees of the subcontractor for Workmen's Compensation benefits to the same degree as the actual employer, the subcontractor. In return the statutory employer is given an employer's immunity from tort liability. In this case the government argues that it stands in the position of a statutory employer under the Workmen's Compensation Act, because it hired Harris Cleaning as a subcontractor.

The Act further provides that an owner of the premises cannot be a statutory employer. See *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424 (1930). Consequently the "owner" of the premises and the "employer" who hires the subcontractor must be two different entities for the "employer" to be accorded immunity as a statutory employer. *Id.; Zolk v. Mobil Oil Corp.*, 510 F.Supp. 814 (E.D.Pa.1981); *Kohler v. United States*, 602 F.Supp. 747 (W.D. Pa.1985).

In this case there is no dispute that the United States owns the Center where plaintiff was injured. The government argues though that because the DOE owned the site, but the SBA contracted with DOE and then subcontracted with Harris, SBA is a statutory employer within the meaning of the Act and the United States is immune.

The argument is ingenious but specious. Whether DOE or SBA contracted with Harris is simply a matter of bureaucratic organization. The end result is that the United States owns the site and the United States contracted for service at that site. The name of the agency or agencies is irrelevant. Because the United States is the owner it cannot be the statutory employer regardless of the number of interagency contracts.

As an alternative basis for decision we note that even if we accepted the government's argument and treated the DOE as "owner" and the SBA as "employer," the government would be unable to satisfy the other criteria required of a statutory employer. Under *McDonald*, 302 Pa. 287, 153 A. 424 (1930), the "employer" must occupy or control the premises. It is undisputed that the SBA had no control

over the Center. It was only a hiring conduit for DOE. *McDonald* also requires that the work entrusted to the subcontractor be part of the "employer's" regular business. The SBA is not in the business of providing janitorial services but rather functions pursuant to statute as a clearing house for minority hiring by other agencies.

The government's response to these points is to treat the DOE as the entity which satisfies these elements. But the government cannot have its cake and eat it too. It cannot create a distinction between the SBA and the DOE to avoid the negative effect of the DOE's status as "owner", and then turn around and point to the DOE to satisfy other elements of the same equation.

Finally, the government recites a long line of cases from other jurisdictions interpreting the statutory employer provisions of Compensation Acts in other states. These citations are inapposite and unpersuasive. The statutes and the judicial interpretation of each state vary widely. What is controlling here is the Pennsylvania Act and the law interpreting it. The distinction between "owner" and statutory employer under Pennsylvania law is clear and governs our resolution of the motion.

For the reasons stated, defendant's motion will be denied.