Barbara L. **BARLOW, individually and as Administratrix of the Estate of Thomas Albert Barlow, Deceased, Plaintiff,**

v.

**GREENRIDGE OIL COMPANY, a corporation, and Cooper Industries, Inc., a corp., t/d/b/a Cooper–Bessemer Industries, Inc., a corporation, Defendants,**

v.

**ALCO OIL COMPANY, a joint venture of Columbia Natural Gas Company and Alpine Oil Company, Dunn–Mar Oil and Gas Company, a Pennsylvania Corp., and South Penn Oil Company, a Delaware corp., Third–Party Defendants.**

Civ. A. No. 88–2241.

United States District Court,
W.D. Pennsylvania.

Sept. 6, 1990.

Roger J. Ecker, Mary K. Pruss, Peacock, Keller, Yohe, Day & Ecker, Washington, Pa., for plaintiff.

P. Brennan Hart, Zimmer, Kunz, Loughren, Hart, Lazaroff, Trenor, Banyas & Conaway, William W. Guthrie, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION OF THE COURT

LEE, District Judge.

Plaintiff filed the above action against the defendants on theories of negligence, strict liability and breach of warranty, following the death of her husband, Thomas Barlow, ("Decedent") on April 8, 1988. At the time he sustained the fatal injuries, Decedent was employed by Dulaney Oil Producers ("Dulaney") and serviced a number of oil wells in Greene County, Pennsylvania. Dulaney in turn worked under contract with defendant, Greenridge Oil Company ("Greenridge") to maintain and operate certain oil wells. The contract provided in relevant part:

"You as pumper are to pump wells directed (sic) by the company and as to best determine by you providing us with a weekly production report doing the mowing, oiling and maintenance as is customarily done by the pumper."

Greenridge has pleaded that pursuant to the contract, "the use of equipment and the duty to inspect, test and maintain the equipment rested with the plaintiff's employer, Dulaney." In practice, Dulaney determined when repair or replacement of parts was necessary, Greenridge was asked to authorize the expenditures, and Greenridge paid for the repairs.

On April 18, 1988, Decedent and his brother were assigned to pump several wells, including the Gover well whose equipment and buildings are owned by Greenridge. The Gover well was situated on property which was the subject of the full assignment by Alco Oil Company to Greenridge on April 15, 1983, of Alco's interests, including but not limited to, oil and gas leases, wells, equipment, production from the wells and proceeds from the sale of same. It is undisputed that Greenridge holds a leasehold interest in the land on which the well is located.

In the process of pumping the Gover well, Decedent was involved in an industrial accident causing severe crushing internal injuries and a traumatic amputation of the right arm which resulted in his death. Though no one witnessed Decedent's ac-

tions immediately preceding the accident, it is believed that the decedent was either in the process of going into the belthouse or was in the belthouse when his clothing became entangled in the clutch mechanism causing his fatal injuries.

The defendant, Greenridge, filed a Motion for Summary Judgment contending that it is immune from tort liability to the plaintiff since a statutory employer relationship existed between it and the plaintiff's decedent. Under Rule 56, Fed.R. Civ.P., the movant must carry the burden initially of identifying evidence which demonstrates the absence of a genuine issue of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is "material" if its determination could affect the outcome of the case, and a dispute concerning a material fact is "genuine" where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The term statutory employer is defined by the *Pennsylvania Workmen's Compensation Act*, 77 P.S. § 52 as follows:

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employee or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employ."

■ The leading case of *McDonald v. Levinson Steel*, 302 Pa. 287, 153 A. 424 (1930) has construed the statute to require the satisfaction of five elements to create the relation of statutory employer: (1) an employer who is under a contract with an owner or one in the position of an owner; (2) premises occupied by or under the control of such employer; (3) a subcontract made by such employer; (4) part of the employer's regular business entrusted to such subcontractor; and (5) an employee of such subcontractor. All of the above elements must be established.

■ A property owner is not a statutory employer within the meaning of the *Workmen's Compensation Act*. *Allen v. United States*, 706 F.Supp. 15 (W.D.Pa.1989), *Mathis v. United Engineers and Constructors*, 381 Pa.Super. 466, 554 A.2d 96 (1989). Under *McDonald*, the "owner" of the premises and the "employer" who hires the subcontractor must be two different entities for the "employer" to be accorded immunity as a statutory employer. See *Allen, supra*, at 16.

■ In *McDonald*, the Pennsylvania Supreme Court stated that a lessee, as to the work involved, is in the same position as an owner. The test of compensation is not actual ownership of the property. This undermines Greenridge's contention that the first element of the *McDonald* test is established by virtue of a contract *inter se* Greenridge and the previous lessees of the site. Because the evidence establishes that Greenridge stands in the position of an "owner," Greenridge has not satisfied the first requirement for statutory employer status and therefore, is not immune from suit under Pennsylvania law.

For the reasons stated, defendant's Motion for Summary Judgment will be denied.