John **PECK,** Appellant,

v.

**DELAWARE COUNTY BOARD OF PRISON INSPECTORS.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.

Decided Jan. 22, 2001.

such facilities would be impermissibly excluded from the township.

Michael J. Dougherty, Philadelphia, for appellant.

Thomas c. Gallagher, Media, for appellee.

Before DOYLE, President Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

DOYLE, President Judge.

John Peck appeals from an order of the Court of Common Pleas of Delaware County granting the motion for summary judgment of the Delaware County Board of Prison Inspectors (Prison Board or BPI) on the basis that the Prison Board is Peck's "statutory employer" and, therefore, may not be sued in a negligence action by him. We reverse.

Peck was a corrections officer employed by Wackenhut Corrections Corporation (Wackenhut) when he slipped in a puddle of water and fell while attempting to close a heavy prison door in the vicinity of a "slop" sink on B Block. As a result of the fall, he suffered injuries to his left shoulder requiring two surgeries. Subsequently, he filed a workers' compensation claim against Wackenhut, as his employer, and has been receiving workers' compensation benefits for approximately three years.

Peck sought to supplement his compensation award by bringing a tort action against the Prison Board, alleging that it was negligent in the care, custody and control of the prison premises, and that this negligence resulted in his injuries. The Prison Board countered that it was Peck's statutory employer with attendant tort immunity, and filed a motion for summary judgment, which was granted by the Delaware County Court of Common Pleas on November 9, 1999. This appeal ensued.[1]

1. On review of an order granting summary judgment, an appellate court needs to deter-

■ Where, as here, a party moves for summary judgment based on a "statutory employer" defense, and relies on a contractual obligation to sustain that status, it has the burden of proving that there was a contract, that its regular business consists of the work that is the subject of the contract, and that it entrusted part of its regular business to the subcontractor employer of the injured employee. *Cranshaw Construction, Inc. v. Ghrist,* 290 Pa.Super. 286, 434 A.2d 756, 762 (1981). The statutory employer defense is a legal fiction, based entirely upon a statute passed in the early part of this century, created to assist the Pennsylvania worker by assuring coverage for that worker under the Workers' Compensation Act (Act).[2] Section 203 of the Act, 77 P.S. § 52, sets forth the requirements for statutory employer status as follows:

> An **employer** who permits the entry upon premises occupied by him or under his control of a laborer or an assistant **hired by an employe or contractor,** for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. § 52 (emphasis added). The Supreme Court construed this section of the Act decades ago in *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 153 A. 424 (1930), and imposed five elements that must be established before statutory employer immunity exists. These elements are as follows:

1. **An employer who is under contract with an owner or one in the position of an owner;**

2. Premises occupied by or under the control of such employer;

3. A subcontract made by such employer;

4. Part of the employer's regular business entrusted to such subcontractor;

5. An employee of such subcontractor.

*Id.,* 302 Pa. at 295, 153 A. at 426 (emphasis added). An analysis of the foregoing test clearly reflects that four parties must be present—the owner, the employer, the subcontractor and the employee of the subcontractor. This is not the situation that exists before us.

In *McDonald,* the defendant, the Levinson Company, was erecting a steel crane shed for its own use on property that it controlled under a lease. In furtherance of the work, it contracted with three companies—Uhl to do the steel work, Dunn to construct concrete piers, and with yet a third company to do the roofing required for the project. Plaintiff's decedent, an employee of Uhl, was killed at the construction site when a concrete pier broke. Uhl paid decedent's workers' compensation benefits. The plaintiff brought an action against Levinson for damages at law, alleging that Levinson was negligent in providing a defectively constructed pier upon which the decedent was to work. A jury returned a verdict in favor of the plaintiff, and Levinson appealed. The Supreme Court affirmed, concluding that Levinson had failed to satisfy the first requirement under Section 203—that there be a contract between Levinson and the owner of the property. The Court rejected Levinson's argument that it operated in a "dual capacity" by holding that an owner cannot contract with itself. In an important and frequently cited passage of dicta, the Court said:

mine only whether there is a genuine issue of triable fact. *Department of Environmental Protection v. Delta Chemicals, Inc.,* 721 A.2d 411 (Pa.Cmwlth.1998). The grant of summary judgment can be sustained only if the pleadings, depositions, answers to interrogatories and admissions plus any affidavits show

that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

The state, county, or municipal authorities, for compensation purposes, are regarded much as business corporations. These are constantly letting contracts for the erection of public works, roads, etc. **It would be inconceivable to suppose that the state was the principal contractor responsible to the employees of its contractors and subcontractors under the Compensation Act;** yet in all these undertakings the various municipalities are doing work in the course of their regular business on their own premises. They, **as owners,** are not principal contractors or employers under the act.

*McDonald,* 302 Pa. at 295–96, 153 A. at 427. The Court went on to say, "Where an owner contracts with another for work on his premises in furtherance of his regular business, employment is an independent one, establishing the relation of contractee and contractor and not that of master and servant or **statutory employer and employee....**" *Id.* at 296, 153 A. at 427 (emphasis added). The court defined a statutory employer as "a master who is not a contractual or common law one, but is made one by the act." *Id.* at 292, 153 A. at 425.

▪ Under *McDonald,* and after a survey of the sparse, though relevant, case law on the subject, we are convinced that the Prison Board, as a statutorily created government entity, is not a statutory employer in circumstances such as those that exist here. **The Prison Board,** as the entity charged with the care, custody and control of the correctional facility, **is the owner or one standing in the shoes of the owner.** In *Brooks v. Buckley & Banks,* 291 Pa. 1, 139 A. 379 (1927), the defendant had a contract with the City of Philadelphia to furnish men and trucks for the removal of snow and ice from the streets. Brooks, one of Buckley & Banks' (B & B) employees, was injured while working under the contract. B & B was ordered to pay workers' compensation benefits and subsequently appealed. B &

B argued that the City was under an obligation to clear the streets and highways and that the City performed this work itself, and with B & B employees, with all work being directed by the City.

The court there said that the City was an employer as to its own employees, but as to its contractor's employees, **it was acting as an *owner* and not an employer or principal contractor.** *Id.* at 5, 139 A. at 381 (emphasis added). The court went on to state that, "[t]here are stipulations in contracts which entitle an owner to exercise a certain measure of control and direction with certain attendant authority; **these do not affect the quality of the contract, or the relation of the workmen engaged.**" *Id.* at 7, 139 A. at 382 (emphasis added).

The current matter is also akin to our decision in *Nonemaker v. County of York,* 62 Pa.Cmwlth. 200, 435 A.2d 675 (1981). There, a county inmate was injured by the actions of a fellow prisoner. Nonemaker (the inmate) filed suit against the county claiming that his injuries were aggravated because: 1) the prison guards failed to provide immediate care; 2) the prison guards mistreated him; and 3) the doctor failed to treat him properly. Nonemaker argued that the guards and the doctor were **acting as agents of the county** when the incident occurred.

Common Pleas granted the county's motion for summary judgment concluding that the York County Prison Board "was fully and exclusively responsible for any injuries which [Nonemaker] may have suffered." *Id.* at 676. While we reversed on other grounds, we said that the Prison Board "is an **independent entity** which is responsible for the acts of its agents and which may be sued in its own name." *Id.* at 677 (emphasis added).

We also unearthed two federal decisions relative to our determination in this present appeal. In *Pierson v. Members of the Delaware County Pennsylvania Council,* 2000 WL 486608 (E.D.Pa.2000), Pierson was a retired Air Force master sergeant

with psychiatric problems. He was incarcerated in the Delaware County Prison on sexual offense charges pending trial, where he alleged that he was denied psychiatric treatment and refused military and other papers that belonged to him for use in his defense. Following a guilty plea, he was incarcerated in the State Correctional Institution at Mercer and filed an action *pro se* against the members of the Delaware County Council. The Council filed a motion to dismiss, which was granted on the basis that the Council was not a proper defendant because the prison is **under the control of BPI** (citing *Bond v. County of Delaware*, 368 F.Supp. 618 (E.D.Pa.1973)) and **"because Wackenhut is the party responsible for the operation of the prison."** *Pierson*, 2000 WL 486608 at *3.

We also find the reasoning in *Allen v. United States*, 706 F.Supp. 15 (W.D.Pa. 1989), applicable. Here, the U.S. Department of Energy (DOE) owned and operated the Pittsburgh Energy Technology Center. DOE contracted with the Small Business Administration (SBA) for janitorial services, which then subcontracted the work to Harris Cleaning Services (Harris). Allen was employed by Harris and was injured at work. She collected workers' compensation benefits from Harris and then filed suit against the United States seeking tort damages. The government pled statutory employer immunity under the Pennsylvania Workers' Compensation Act. The court there determined that, under the statute, **the "owner" of the premises and the "employer" who hires the contractor must be two different entities for the "employer" to be accorded immunity as a statutory employer** .

The government argued, much as the Board argued here,[3] that, even though DOE owned the site, it contracted with SBA *which then contracted with Harris,*

making SBA a statutory employer. The court said:

> The argument is ingenious but specious. Whether DOE or SBA contracted with Harris is **simply a matter of bureaucratic organization.** The end result is that the United States owns the site and the United States contracted for service at the site. The name of the agency or agencies is irrelevant. Because the United States is the **owner** it cannot be the statutory employer regardless of the number of interagency contracts.

*Id.* at 16 (emphasis added). That same cogent reasoning must also be applied to the present appeal; the name of the agency is irrelevant because the owner of the county prison is the County of Delaware, and it is simply a matter of bureaucratic organization that the Prison Board operates the prison on behalf of the County. We, therefore, hold that the Prison Board stands in the shoes of the owner of the Delaware County Prison and is not the statutory employer of Peck.

The Prison Board is also not a statutory employer here because Peck's employer, Wackenhut, is an independent contractor. *Simonton v. Morton*, 275 Pa. 562, 568, 119 A. 732, 734 (1923) (emphasis added), established the benchmark for the determination of independent contractor status when the Supreme Court said:

> Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, **but merely as to the result,** the employment is an independent one establishing the relation of a contractee and contractor and **not that of master and servant.**

Our Supreme Court also considered the legal principles attendant to independent contractor status in *Smith–Faris Co. v. Jameson Memorial Hospital Ass'n*, 313 Pa. 254, 169 A. 233 (1933). Citing with approval its previous holding in *Simonton*,

---

**3.** The Prison Board argues that "the Commonwealth created the 'contract' between the 'statutory employer' (BPI) and the owner of the prison, the County of Delaware." (Prison Board's Brief, p. 7.)

it noted that though the hospital in that case reserved some degree of control over the work to be done by the construction company:

> [T]his control did not take away the [construction company's] independence; it merely removed that independence a few degrees further away from absoluteness than it otherwise would have been.... Only when the independence of a contractor is so completely taken away as to make his selection of the means and methods of carrying out his work subject to his employer's will does he become a mere employee or agent.

*Id.* at 260, 169 A. at 235. In the present matter, Wackenhut has the authority to hire, fire, discipline, and direct its employees in the actual performance of their work. It can determine wages, hours and conditions of employment, and significantly, Article Six, section 6.1 of the contract between Wackenhut and the Prison Board denominates Wackenhut as an independent contractor. The cases are legion that define the element of control as the crucial element in determining whether the contractor is an independent contractor. *See Hader v. Coplay Cement Mfg. Co.*, 410 Pa. 139, 189 A.2d 271 (1963); *Smith–Faris; Simonton.* We, therefore, conclude that, because Wackenhut is an independent contractor, the Prison Board is not Peck's statutory employer.

In summary, we hold that Common Pleas erred in granting summary judgment for the County, and we reverse the grant of summary judgment in favor of the Prison Board and remand the matter to the Delaware County Court of Common Pleas for further proceedings in this matter.

## ORDER

**NOW,** January 22, 2001, the order of the Delaware County Court of Common Pleas in the above-captioned matter is hereby reversed, and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.