**Crystal POZZA, Plaintiff,**

v.

**UNITED STATES of America, and Allegheny County, Defendants.**

**Civil Action No. 03–1573.**

United States District Court, W.D. Pennsylvania.

June 28, 2004.

P. William Bercik, Bernstein Law Firm, Pittsburgh, PA, for plaintiff.

Rebecca Ross Haywood, Assistant U.S. Attorney, Julie A. Maloney, Mark F. Nowak, Michael H. Wojcik, Thorp, Reed & Armstrong, Jeanette H. Ho, Pietragallo, Bosick & Gordon, Caroline Liebenguth, Pittsburgh, PA, for defendants.

## OPINION

HARDIMAN, District Judge.

### I. Introduction

Plaintiff Crystal Pozza (Pozza) brought this action under the Federal Tort Claims Act (FTCA or Act), 28 U.S.C. § 2671, *et seq.*, seeking to recover damages from the United States and Allegheny County for injuries she sustained while working at an air field owned by Allegheny County and leased by the United States Air Force Reserves (Air Force). The United States filed a Motion for Summary Judgment, arguing that it is immune from suit under the statutory employer doctrine.

### II. Statement of Facts

Plaintiff was employed by Griffin Services, Inc. (Griffin) as a landscaper. Griffin contracted with the United States to maintain the Pittsburgh IAP Air Force Reserve Station (Property), which is

owned by Allegheny County and leased to the Air Force. While raking leaves on the property, Plaintiff stepped in a hole and injured her ankle. She alleges that the injury was due to Defendants' negligence.

### III. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure allows the entry of summary judgment against a party on an issue or a claim when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Saldana v. Kmart Corp.*, 260 F.3d 228, 231–32 (3d Cir.2001). "Summary judgment procedure is properly regarded not as a disfavorable procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotation marks omitted).

In resolving a motion for summary judgment, courts should not weigh conflicting evidence or make factual findings, but should "consider all evidence in the light most favorable to the non-moving party" to determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 209 (3d Cir.2002). Summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

### IV. Analysis

Under the FTCA, the United States is liable for certain torts committed by federal employees acting in the scope of their employment. 28 U.S.C. § 1346(b); *Burlington Indus. v. Ellerth*, 524 U.S. 742, 757, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). The Act does not create a new cause of action; it merely makes the United States liable under state tort law. *Cecile Indus., Inc. v. United States*, 793 F.2d 97, 99 (3d Cir.1986). The parties to this case agree that Pennsylvania law applies.

The Pennsylvania Workmen's Compensation Act, 77 P.S. § 1, *et seq.*, guarantees immediate, fixed benefits to an injured employee in exchange for precluding her from suing her employer for those injuries. 77 P.S. § 481(a). The definition of "employer" is not limited to the injured employee's direct employer; the statute expands the definition of employer to prevent employers from avoiding workmen's compensation liability merely by subcontracting work. Thus, a contractor who hires a subcontractor becomes a "statutory employer" and is secondarily liable to the subcontractor's employees for workmen's compensation benefits. 77 P.S. § 52; *Allen v. United States*, 706 F.Supp. 15 (W.D.Pa.1989), *aff'd*, 941 F.2d 1200 (3d Cir.1991). Accordingly, the statutory employer is immune from tort suits in the same manner as the actual employer. *Allen*, 706 F.Supp. at 16.

■ Here, the United States argues that it enjoys immunity as Ms. Pozza's statutory employer. *See Kohler v. United States*, 602 F.Supp. 747, 748 (W.D.Pa. 1985), *aff'd without opinion*, 779 F.2d 43 (3d Cir.1985). Under Pennsylvania law, a statutory employer must show: (1) the employer must be under contract with an owner or one in the position of an owner; (2) the premises were occupied by or under the control of the employer; (3) the employer must have entered into a subcon-

tract; (4) part of the employer's regular business must be entrusted to the subcontractor; and (5) the injured party must be an employee of the subcontractor. *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 295, 153 A. 424, 426 (Pa.1930); *Peck v. Del. County Bd. of Prison Inspectors*, 572 Pa. 249, 255, 814 A.2d 185, 190 (2002); *Rolick v. Collins Pine Co.*, 925 F.2d 661, 663 (3d Cir.1991). Although the Pennsylvania Supreme Court established the statutory employer test some 74 years ago, just two years ago the court stated: "In determining whether a party is a statutory employer, courts should construe the elements of the *McDonald* test strictly and find statutory employer status only when the facts clearly warrant it." *Peck*, 814 A.2d at 189. The statutory employer defense should not be casually converted into a shield behind which negligent employers may seek refuge. *Stipanovich v. Westinghouse Electric Corp.*, 210 Pa.Super. 98, 106, 231 A.2d 894, 898 (1967); *Travaglia v. C.H. Schwertner & Son*, 391 Pa.Super. 61, 570 A.2d 513, 518 (1989).

### A. The United States Cannot Qualify As A Statutory Employer Under *McDonald* Because It Is In The Position Of Owner

■ Under the first prong of the *McDonald* test, the putative statutory employer must be either under contract with the owner or one in the position of the owner. *McDonald*, 153 A. at 426. Thus, the statutory employer doctrine requires that there be an owner, a principal contractor and a subcontractor; one cannot be both the owner (or in the position of owner) and statutory employer at the same time. *Jamison v. Westinghouse Electric Corp.*, 375 F.2d 465, 469 (3d Cir.1967); *Allen*, 706 F.Supp. at 16; *Peck*, 814 A.2d at 191.

In support of its Motion for Summary Judgment, the United States cites *Kohler v. United States, ante,* and *Killian v. United States,* No. 00–CV–5519, 2001 U.S. Dist. LEXIS 24163 (E.D.Pa.2001), to argue that Allegheny County is the owner, the United States is a principal contractor by virtue of the lease between the County and the Air Force, and Griffin is a subcontractor. In both *Kohler* and *Killian,* the U.S. Postal Service leased property and hired an independent trucking company to transport mail. *Kohler,* 602 F.Supp. at 748; *Killian,* 2001 U.S. Dist. LEXIS 24163, at *2–3. When an employee of the trucking company was injured at the leased postal facility and sued, the government argued successfully that it was the statutory employer under *McDonald. Kohler,* 602 F.Supp. at 748; *Killian,* 2001 U.S. Dist. LEXIS 24163, at *2–3. Both courts disposed of prong one of *McDonald* in two sentences or fewer, concluding that by virtue of the lease, there was a contract with the owner. *Kohler,* 602 F.Supp. at 750; *Killian,* 2001 U.S. Dist. LEXIS 24163, at *7. Although the leases at issue in *Kohler* and *Killian* were undoubtedly contracts with the owner, the Pennsylvania Supreme Court's decision in *McDonald* makes clear that such lease arrangements deny the United States the statutory employer protection it seeks in this case.

In *McDonald,* a lessee was erecting a steel crane shed for its own occupancy on ground it possessed under a lease. *McDonald,* 153 A. at 425. The lessee contracted with a third party for part of the construction, and an employee of the third party was injured. *Id.* When the employee sued, the lessee argued it was immune from suit as a statutory employer. *Id.* The Pennsylvania Supreme Court rejected that argument and held that "a lessee, as to the work involved, is in the same position as an owner. The test of compensation is not actual ownership of the property." *Id.* at 425. Accordingly, the existence of the "contract with the owner," *i.e.,* the lease, was superseded by

the fact that the lessee was in the position of the owner.

Like the lessee in *McDonald*, here the United States stands in the position of the owner. Because one cannot be both the owner and statutory employer at the same time, *McDonald* requires the Court to reject the government's claim that it is a statutory employee. Judge Lee of this Court, in a case involving a lessee, analyzed *McDonald* and found that the same conclusion was required. *See Barlow v. Greenridge Oil Co.*, 744 F.Supp. 108, 110 (W.D.Pa.1990). The Court finds Judge Lee's opinion in *Barlow* persuasive as a faithful application of *McDonald*. This is especially so in light of the Pennsylvania Supreme Court's recent decision in *Peck, ante*, which requires this Court to construe strictly the elements of the *McDonald* test. Accordingly, the Court finds that the United States has not satisfied the first prong.

### B. The Landscaping Work Performed By Plaintiff And Her Employer Is Not Part Of The Employer's Regular Business

The fourth prong of the *McDonald* test requires that part of the employer's regular business be entrusted to a subcontractor. *McDonald*, 153 A. at 426. Even if the Court found that the United States had satisfied the first prong of the *McDonald* test, the Court finds that the Air Force did not lease the Property "because of its ability to maintain the premises" and the landscaping services performed by Griffin are incidental to the regular business of the Air Force. *See Jamison*, 375 F.2d at 469. Accordingly, the Court finds that the United States has not satisfied the fourth prong of the statutory employer test.

### V. Conclusion and Order

For the foregoing reasons, the Court concludes that the United States is not immune from suit as Ms. Pozza's statutory employer. Accordingly, the government's Motion for Summary Judgment will be denied.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 28th day of June, 2004, based on the foregoing opinion, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Document No. 14) is DENIED.